26332. DUNCAN *v.* CREDIT SERVICE EXCHANGE.

DECIDED OCTOBER 27, 1937.

*Carl N. & Frank T. Davie,* for plaintiff.

*Talley Kirkland, J. K. Jordan,* for defendant.

SUTTON, J. The plaintiff sued the defendant for damages on account of certain alleged libelous statements. A general demurrer to the petition was sustained, and the exception is to that judgment. The plaintiff alleged as follows: On or about September 10, 1936, he applied for a loan of $100 at the Atlanta Loan Service. In seeking to obtain information relative to the plaintiff, soon after the application was made, the Atlanta Loan Service made inquiry of the defendant, who furnished a report to the Atlanta Loan Service in accordance with such inquiry, the report containing two sheets, one marked "trade report," and one marked "standard report," in substance as follows:

| Member | Date | Amt. borrowed | Amt. owed | Comments |
|---|---|---|---|---|
| 693 | 11-34 | $100. | $ 60. | Very unsatisfactory. |
| 963 | 9-34 | 500. | 220. | Suit filed. |
| 172 | 1-35 | | 45. | Unsatisfactory. |
| 73 | 1928 | | $110. | Attorneys, unsat. |
| 149 | 10-30 | | 292. | "        " |

The report further advised the Atlanta Loan Service that the Collector of Internal Revenue had a lien against the plaintiff for 1934 taxes, that the plaintiff had been granted an extension

against eleven loan companies, that the plaintiff was a bankrupt, that he was a divorced man, and that the Atlanta Loan Service, as a result of said report, refused to extend credit to the plaintiff. He alleges, that the report was a false and malicious libel concerning him; that the defendant did the acts mentioned for the purpose of blackening his integrity, honesty, and reputation; that the defendant's placing the plaintiff's name upon such a report and having the same circulated was with the wilful and malicious intention of creating the impression that the plaintiff was unable to pay his debts and lacked the honesty to do so, and this was understood to be the meaning and intention of the defendant by all persons to whom the report was exhibited; that immediately after this report had been made known to the plaintiff by the Atlanta Loan Service he addressed a note by special messenger to Mr. Gilbert, president and general manager of the defendant, demanding that the defendant cease reporting the plaintiff as a bankrupt and correct the same in all particulars; that the plaintiff received no reply to this message, and therefore he called Mr. Gilbert over the telephone, and Mr. Gilbert stated that he would have the errors corrected; that the defendant failed to correct this erroneous, false, and malicious report; that subsequently to the above-mentioned communications, and on or about October 15, 1936, the plaintiff made application for a loan at the Peoples Loan & Savings Company, where he had previously and frequently been granted credit, but the Peoples Loan & Savings Company, having obtained the said false and malicious report, refused to extend credit to him; that in like manner he made application to the Master Loan Service, where he had in the past enjoyed good credit rating and frequently obtained credit, but as a result of the said false and malicious report, the Master Loan Service refused to extend further credit to him. In paragraph 13 of the petition it was alleged that the report was false in the following particulars:

| (a) Member | Date | Amt. borrowed | Amt. owed | Comments |
|---|---|---|---|---|
| 693 | 11-34 | $100. | $ 60. | Very unsatisfactory. |
| 963 | 9-34 | 500. | 220. | Suit filed. |
| 172 | 1-35 | | 45. | Unsatisfactory. |

That these amounts are not legal obligations and that the plaintiff does not owe the same.

| (b) Member | Date | Amt. borrowed | Amt. owed | Comments |
|---|---|---|---|---|
| 73 | 1928 | | $110. | Attorneys, unsat. |
| 149 | 10-30 | | 292. | " " |

That the plaintiff does not owe any such amount, the same having been long since paid.

(c) That although it is stated in the said report that the Collector of Internal Revenue had a lien against the plaintiff for 1934 taxes, it is wholly false and untrue, plaintiff's 1934 taxes having long since been paid.

(d) That although it is true that the plaintiff has been granted an extension against eleven loan companies, it is further true that the plaintiff has completely paid ten of these loan companies, and the eleventh, the one and only outstanding item at the present date, is being paid according to schedule.

(e) That petitioner is not now and has never been divorced.

It was further alleged that as a result of the said report the plaintiff has been subject to great pain, humiliation, and public ridicule; that at all times during his life he has attempted diligently to pay his honest debts; that said publication injured and damaged him in that it destroyed his credit at a time when a small amount of credit would have been greatly beneficial to him, and in that it published to the world that he was a divorced man, whereas in fact he is not a divorced man and has never applied for a divorce and has never been divorced; that he is a newspaper man, and that a good reputation is essential in the prosecution of his business, and that the defendant, by publishing said false and malicious report, did injure him in his general reputation, his business and profession.

1. The plaintiff alleges in paragraph 13 that the report referred to was false in the particulars there stated, enumerating in particular different items of the report under subdivisions (a), (b), etc. Under (a) the plaintiff sets out the first three items of the report and alleges that "these amounts are not legal obligations and petitioner does not owe the same." It will be observed that the plaintiff does not allege that he did not borrow the money on these claims, or that he had paid them, or that they were not unsatisfactory, or that suit had not been filed; but he alleges that the amounts are not legal obligations and that he does not owe them. (b) As to the next two items in the report the plaintiff

alleges that "your petitioner does not owe any such amount, the same having been long since paid." But he does not say whether the same were paid before or after the report was made, and the same is true as to the lien referred to under (c). (d) He alleges that it is true that he had been granted extensions against eleven loan companies, but he states that he had paid ten of them and was paying on the eleventh. But he does not allege when the payments were made, whether before or after the report. (e) "That petitioner is not now and has never been a divorced man." Divorce is authorized by the law of this State on eight different grounds. It is a legal status, and the plaintiff could have been a divorced man without any fault on his part. In this day and time, when hundreds of divorces are granted in a day in some of our larger cities, it is certainly not libelous per se to refer to one as a divorced man. The allegations of the petition dealt with in this division of the opinion were subject to general demurrer.

2. The plaintiff in his petition denied that he was a bankrupt, and also alleged special damages to his business by the publication of the alleged false and malicious report. The petition in these two respects was good against general demurrer, and it was error for the judge to sustain the general demurrer and dismiss the petition.

3. The ruling in division 2 above expresses the view of the other two members of the court; but the writer dissents from that ruling, and is of the opinion that the judge properly dismissed the case on general demurrer. The extension referred to is authorized, and may be granted, on application under the provisions of the amendment to the bankruptcy act, to an insolvent person, or one who is unable to pay his debts as they mature, and in this way is relief granted to such debtors under the amendment to the bankruptcy act. The term "bankrupt" is not necessarily limited to one who has been so adjudicated. A bankrupt is a person who by his acts and conduct affords evidence of his inability to pay, or his intention to avoid payment of, his debts. 1 Words and Phrases, 400. "A bankrupt is one who is unable or who wilfully refuses to pay his debts in full." In re Scott, 21 Fed. Cas. 800, 803. One of the definitions given by Webster is "a trader or person who becomes insolvent." The plaintiff did not allege that the report was used or uttered with reference to his business, or

that he was in any business requiring credit, the allegation being: "That your petitioner is a newspaper man, and that a good reputation is essential in the prosecution of your petitioner's business, and that the defendant by publishing said false and malicious publication did injure your petitioner both in his general reputation and his business profession." See, in this connection, *Van Epps* v. *Jones, 50 Ga.* 238, 241; *Witham* v. *Atlanta Journal,* 124 *Ga.* 688, 691, 692 (53 S. E. 105, 4 L. R. A. (N. S.) 977). As suggested by counsel for the defendant in error, it could not be determined from "newspaper man" whether the plaintiff was a newspaper reporter, pressman, or what connection he may have had with a newspaper. The plaintiff sued for general damages only. Furthermore, the plaintiff's petition, when properly construed as against demurrer, shows that the report as to his debts was true.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*

SUTTON, J., dissents from the ruling in division 2 of the opinion.