37489.   COOK *v.* ATLANTA NEWSPAPERS, INC.

DECIDED JANUARY 15, 1959.

*Marvin P. Nodvin,* for plaintiff in error.

*B. P. Gambrell, John E. Dougherty,* contra.

TOWNSEND, Judge.    A fair and honest report of a judicial proceeding is conditionally privileged.  Code § 105-704; *Atlanta Journal Co.* v. *Doyal,* 82 *Ga. App.* 321 (60 S. E. 2d 802).  In construing a newspaper article, the headline must be considered as an integral part thereof.  *Augusta Chronicle Pub. Co.* v. *Arrington,* 42 *Ga. App.* 746 (157 S. E. 394) ; *Paschal* v. *Georgian Co.,* 43 *Ga. App.* 195 (158 S. E. 372) ; 59 A.L.R. 1061.  While, under the headline taken alone, the construction urged by the plaintiff might be so understood by the general reader, the headline nowhere refers to or identifies the plaintiff.  In the body of the article, the plaintiff is identified, but by that very identification no other construction can be placed upon the article as a whole by the average reader than that the headline is a play on words and did not in fact refer to any person as being a rogue or thief.  No allegation of the petition amounts to an affirmative statement that the article is not a truthful report of the judicial proceeding referred to therein.  Truth is a complete defense in a civil action.  *Henderson* v. *Fox,* 83 *Ga.* 233 (9 S. E. 839).  The petition here accordingly falls under the same rules of law as *Harrison* v. *Constitution Publishing Co.,* 41 *Ga. App.* 102, 107 (152 S. E. 131) wherein it was stated: "There can be no dispute that the newspaper would be fully within its rights in

reporting the court proceeding against the plaintiff, charging him with maintaining a public nuisance of the kind and character described, irrespective of whether such a publication might result in loss, damage, or injury to the plaintiff or his property, the only limitation being that in reporting such a proceeding the newspaper must do so correctly." Whether the calculated publicity given a personal matter, newsworthy if at all only because of the plaintiff's sensitivity to public reaction, might be unkind, morally reprehensible, or legally actionable as an invasion of privacy, is not before this court. It was not false or libelous, and accordingly the trial court did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*