## 53885. JONES v. NEIGHBOR NEWSPAPERS, INC. et al.

WEBB, Judge.

This appeal arises from a libel action brought by Jene Don Jones for alleged malicious defamation in the following article published on October 16, 1972 in the *Marietta Daily Journal:*

"2 ARRESTED FOR DAMAGES TO STILL SIGNS

"Two Marietta men have been arrested and are out on bond for allegedly tearing down a campaign sign belonging to Republican district attorney candidate Dick

Still.

"Warrants for the two — Henry A. Manning, Jr. of 1505 Dallas Road and Jene Don Jones of 2097 Woodlake Drive—were taken out Friday by Ken Clark, an employee of Metro Ambulance Service. Metro is owned by Ed 'Bo' Pounds, one of Still's biggest supporters.

"The warrant listed the sign as property of Clark and Pounds.

"Manning and Jones, both sons-in-law of wealthy Cobb land dealer O. C. Hubert, were booked into the county jail by sheriff's deputies Saturday and immediately released on $300 apiece bond.

"Hubert and his two sons-in-law are strong supporters of Still's Democratic opponent George Buddy Darden.

"The warrant for the two said the four-foot by eight-foot sign which they allegedly tore down was posted on property owned by Crain's Garage. Darden supporters, however, evidently believed the sign was least partially on property owned by Western Sizzler which is leased by the restaurant from Hubert.

"Darden supporters claim James Houston, owner of Crain's Garage, had not given permission for Still's sign to be erected, but Still supporters say they had permission.

"Candidates of both supporters claim Houston is in their camp and both say he has contributed to their candidate.

"The warrants taken for Manning and Jones listed the value of the sign at $100. The state warrants taken were for criminal damage to property.

"Clark said in the presence of eight witnesses Jones and Manning admitted having torn down five other Still signs.

"Listed as witnesses on the warrants were Pat Moss, Smut Merrett and Ed Cunningham, all employees of Crain's, and Perry Stoner, a Metro employee.

"Marietta police officers were called in to investigate the matter and advised Clark and Pounds they could swear out a warrant. Justice of the Peace Dewy Gable signed the warrant.

"A hearing date of Nov. 2 has been set for the matter.

"Darden would not comment on the warrants or the action of the two men."

On April 6, 1973, Jones wrote the Marietta Daily Journal and Neighbor Newspapers, Inc. demanding a retraction of the article pursuant to Code Ann. § 105-720 et seq. The attorney for the newspapers responded on April 9 requesting Jones to point out any specific errors in the article so that a statutory retraction of any erroneous statements could be made. No reply was received. The editor of the Marietta Daily Journal also telephoned Jones and asked him to point out where the article was incorrect so that a retraction could be prepared. Jones refused to comment and referred the question to his attorney, who declined to state what alleged inaccuracies the article contained because "the newspaper has reporters and investigators to determine if the information in the story is correct."

On June 12 suit was filed by Jones alleging that the article was libelous in that no warrant "as described" was taken and no arrest was made "as detailed in said news story, nor did [Jones] perform any of the acts attributed to him in said news story." The newspaper moved for summary judgment on the grounds that the article was substantially and materially the truth; that the subject matter was protected under the First Amendment because it was and is of public interest; that it contained no actual or constructive malice; and that Jones had suffered no special or general damages and had not complied with Code Ann. § 105-707 so as to entitle him to recovery.

The court found that the only inaccuracies in the article were that Jones was arrested for destroying a sign in front of Lindsey Hopkins Buick instead of Crain's Garage; and that he was possibly not a supporter of George "Buddy" Darden. It held (1) that even though the event reported by the newspaper was by its nature so in the public domain as to be privileged, a jury question was presented on the issue of whether Jones was a public figure; (2) that there was no showing that the publication was made with actual malice or reckless disregard for the truth; and (3) that since the article was not libelous per se, as a pre-trial decision Jones was restricted to recovery

only of actual damages. Jones appeals from those parts of the order granting summary judgment to the newspaper and limiting damages, and we affirm.

1. Jones asserts that the newspaper article was neither privileged nor truthful. His arguments as to privilege are confined to Code §§ 105-704 and 105-709 (4), which relate to fair and honest reports of the proceedings of legislative or judicial bodies, and truthful reports received from arresting officers or police authorities. The trial court, however, based its ruling on the privilege of fair comment upon public figures as established by New York Times v. Sullivan, 376 U. S. 254 (84 SC 710, 11 LE2d 686, 95 ALR2d 1412) (1964), and concluded that a jury issue was presented as to whether Jones was a public figure as contemplated by the New York Times case and its progeny.[1] Since there was no ruling below on the privileged communication arguments raised by Jones, only those contentions relating to truthfulness can now be considered. See *Ga. Ports Authority v. Norair Engineering Corp.,* 131 Ga. App. 618 (206 SE2d 563) (1974); *Mayes v. Hodges,* 142 Ga. App. (1(a)), post (no. 53809, decided May 9, 1977).

---

[1] The trial court's express ruling on this issue was as follows:

"Beginning with New York Times v. Sullivan, 376 U. S. 254 (1964) constitutional basis was assigned to the privilege long existing in Georgia of fair comment upon public figures. Following this decision, the privilege has been extended to include a college athletic director, basketball coach, professional boxer and professional baseball player. The event reported by the Newspaper has, by its nature, placed the event so in the public domain as to be privileged (See Time, Inc. v. McLavey) CA 5, 1969, 406 F2d 565, 573.

"The Georgia Courts have applied the privilege as to public figures in: *Thibadeau v. Crane,* 131 Ga. App. 591, 592 (a judge); *Williams v. Trust Co. of Ga.,* 140 Ga. App. 49 (1976) (legislator).

"However, even the Supreme Court does not extend the privilege except as to 'public figures.' See Time, Inc. v.

2. There is no dispute here that a warrant was issued for Jones' arrest charging him with criminal damage to property for destroying or tearing down a campaign sign of candidate Richard H. Still. Whether or not this warrant was subsequently dismissed is not relevant. The essential issue is whether it was libelous to report in a newspaper article that Jones was arrested at Crain's Garage and Western Sizzler rather than at Lindsey Hopkins Buick, which was located only a few blocks down the street. Compare *Williams v. Trust Co. of Ga.*, 140 Ga. App. 49, 60 (230 SE2d 45) (1976), where the issue turned upon publicity of the plaintiff's arrest for drunken driving, not whether the arrest was made in Decatur or Savannah.

A libel must be false as well as malicious. Code § 105-701. However, "[t]he truth of the charge made may always be proved in justification of the libel or slander," Code § 105-708, and "newspapers are not ordinarily held to the exact facts or to the most minute details of the transactions they publish. What is usually required is that the publication shall be substantially accurate; and if the article is published by the newspaper in good faith and the same is substantially accurate, the newspaper has a complete defense." *Shiver v. Valdosta Press*, 82 Ga. App. 406, 411-412 (61 SE2d 221) (1950). "As long as the facts are not misstated, distorted or arranged so as to convey a false and defamatory meaning, there is no liability for a somewhat less than complete report of the truth . . ." *Mathews v. Atlanta Newspapers, Inc.*, 116 Ga.

---

Firestone, — U. S. — (96 SC 958, 959, — LE2d —) (1976).

"The basis of determination as to the existence of the privilege seems to be whether or not the plaintiff by his acquiring a status of a public figure by his general public activities or by the peculiar nature of a specific act has impliedly waived his right to privacy.

"In the case sub judice, there could have been no reasonable anticipation on the part of the plaintiff that his act and conduct prescribed would constitute a waiver of his right of privacy. Leastwise, a jury issue is presented and summary judgment should be denied. (See *Cook v. Atlanta Newspapers*, 98 Ga. App. 818; *Savannah News Press, Inc. v. Hartridge*, 104 Ga. App. 22, 28.)"

App. 337, 340 (157 SE2d 300) (1967).

Nor do we find the imputation of political support by Jones on behalf of George "Buddy" Darden to be basic to the issue of libel. "Whether the calculated publicity given a personal matter, newsworthy if at all only because of the plaintiff's sensitivity to public reaction, might be unkind, morally reprehensible, or legally actionable as an invasion of privacy, is not before this court." *Cook v. Atlanta Newspapers, Inc.,* 98 Ga. App. 818, 820 (107 SE2d 260) (1959); *Savannah News-Press, Inc. v. Hartridge,* 104 Ga. App. 22, 28 (120 SE2d 918) (1961). Moreover, since New York Times v. Sullivan, 376 U. S. 254, supra, the Supreme Court has become increasingly involved in state libel law so as to insure First Amendment protection for matters of public interest. See *Williams v. Trust Co. of Ga.,* 140 Ga. App. 49, 50 (1), supra, and cits. in footnote 2. There is nothing in the record in any way indicating deliberate falsehood or malice on the part of the newspaper, and the trial court properly granted summary judgment on this question.

3. The newspaper moved for summary judgment on the issue of punitive damages contending that Jones was precluded from recovery by failure to comply with Code § 105-720. The trial court ruled that rather than barring recovery the statute authorized submission of evidence to a jury. It denied summary judgment on this question pursuant to CPA § 56 (d) (Code Ann. § 81A-156 (d)) and restricted Jones to a recovery of actual damages. Jones attacks this ruling. However, where the grant of a summary judgment is appealed it is now impermissible for a denial to be appealed simultaneously without a certificate of immediate review. *Marietta Yamaha, Inc. v. Thomas,* 237 Ga. 840, 842 (2) (229 SE2d 753) (1976), overruling *Simpson v. Associated Distributers, Inc.,* 138 Ga. App. 516 (226 SE2d 624) (1976). Therefore this enumeration cannot be reviewed.

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*

Submitted May 4, 1977 — Decided May 11, 1977 — Rehearing denied May 23, 1977.

*J. M. Grubbs, Jr., David S. Marotte,* for appellant.
*Barnes & Browning, Roy E. Barnes, Hansell, Post, Brandon & Dorsey, F. T. Davis, Jr.,* for appellees.