## 67002. SIMPSON v. TIMES-JOURNAL, INC.

SHULMAN, Presiding Judge.

Appellant brought a libel action against appellee because of an article published by appellee on July 5, 1974. The article concerned a housing project with which appellant had been involved in the construction phase. The portion of the article to which appellant took exception read as follows: "Constructed in 1967, some of the 220 units were never completed after contractor Howard Simpson went bankrupt." Appellee defended primarily on the basis of the truth of its statement, producing considerable evidence of appellant's long-standing financial difficulties. This appeal is from the grant of summary judgment to appellee.

1. In his first three enumerations of error appellant complains of the trial court's finding that the complained-of article was true, disagreeing with the trial court's definition of "bankrupt" and with the facts which the trial court found to be dispositive of the case.

In considering the question of the applicability of the word "bankrupt" to appellant, the trial court adopted the following definition: "The term 'bankrupt' is not necessarily limited to one who has been so adjudicated. A bankrupt is a person who by his acts and conduct affords evidence of his inability to pay, or his intention to avoid payment of, his debts." That language comes from a dissent in *Duncan v. Credit Service Exchange,* 56 Ga. App. 551 (3) (193 SE 591), but we find it appropriate and applicable to the action presently before this court. The issue in *Duncan* was the grant of a general demurrer, not a consideration based on evidence of the truthfulness of a report. It is unnecessary, therefore, that we overrule or in any other fashion diminish the validity of *Duncan* as a precedent; we merely adopt the definition of "bankrupt" from the dissent because it is well-reasoned.

Applying the evidence in this case to the definition set out above, we find no difficulty in agreeing with the trial court's conclusion that the undisputed evidence demands a holding that the appellee's article was true. Appellant's own deposition showed that he refused to pay the loans financing the construction of the project mentioned in the article even though he was personally liable for the debt. Instead, he permitted foreclosure by the guarantor of the loans. Appellee submitted a great deal of other evidence, including court dockets showing many judgments and tax liens against appellant's businesses, to show a continuing pattern of indebtedness and financial difficulty from the time of the housing project abandonment onward. To counter the evidence put forth by appellee, appellant offered only his own conclusory statement that he was not bankrupt and had not been so. It appears, then, that the evidence demonstrated that the article was substan-

tially true. That being so, appellee was entitled to judgment as a matter of law. *Jones v. Neighbor Newspapers*, 142 Ga. App. 365 (236 SE2d 23); *Shiver v. Valdosta Press*, 82 Ga. App. 406 (61 SE2d 221).

Appellant argues that the use of the word "went" in conjunction with the word "bankrupt" changes the meaning of the word bankruptcy and requires the conclusion that appellant filed a petition in bankruptcy and "walked away from his financial obligations." We disagree. However, even if we assume that the use of the word "went" necessarily implies *action* by appellant as opposed to a state of being, we are not persuaded that it necessarily means the institution of proceedings in bankruptcy court. In our view, committing an act of bankruptcy, as that term was defined during the period pertinent to the present case, is as much an action as filing a petition in bankruptcy court. One of the acts of bankruptcy enumerated in 11 USCA § 21 (a) as it existed before the reform of the bankruptcy laws was having ". . . suffered or permitted, while insolvent, any creditor to obtain a lien upon any of his property through legal proceedings or distraint and not having vacated or discharged such lien within thirty days from the date thereof or at least five days before the date set for any sale or other disposition of such property . . ." Appellee produced voluminous evidence showing that many liens were placed on property and assets of appellant and companies owned by appellant during the pertinent time period. Other evidence, as noted above, showed that appellant was insolvent during that same period. As to appellant's complaint that the phrase "went bankrupt" indicates that he, "a businessman and land developer, has walked away from his financial obligations . . .," the truth of that statement was conclusively established by appellant's testimony on deposition to the effect that he deliberately abandoned the housing project construction job when the financing went bad. It appears, then, that even the more active interpretation of appellee's article was shown to be true, entitling appellee to summary judgment.

2. Appellant's final two enumerated errors concern affidavits filed by appellee in support of its motion for summary judgment. One of the affidavits was that of the author of the article, explaining his motive in writing the article. The trial court expressly noted that that affidavit had no influence on its decision, so we need not be concerned with its admissibility.

The other affidavit was by appellant's former bookkeeper. Appellant's complaint with regard to that affidavit is that it contains a mere opinion, insufficient as a basis for summary judgment, and that the affidavit was not made on personal knowledge. We find those complaints to be without merit.

Appellant identified the affiant in his deposition as his bookkeeper. She swore in her affidavit that she had kept appellant's books

from 1967 to 1974 and was familiar with what was contained in them. The absence of the records themselves was accounted for by the affiant's statement that all the records had been either destroyed on appellant's instructions or returned to appellant. The affidavit recites that it is made on personal knowledge and goes on to explain how that knowledge was gained. The statements in the affidavit concerning the disparity between appellant's assets and his liabilities are not statements of opinion, but statements of fact. Neither of appellant's complaints about the affidavit is valid. The trial court was authorized to consider the affidavit, and no error has been shown with regard to it.

*Judgment affirmed. McMurray, C. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 27, 1984 —
REHEARING DENIED MARCH 9, 1984 —

*Adele P. Grubbs, J. Milton Grubbs, Jr.*, for appellant.
*Albert G. Norman, Jr., F. T. Davis, Jr., John E. Zamer, G. Robert Howard*, for appellee.