## A89A1459. BIRD v. WEIS BROADCASTING CORPORATION.

(388 SE2d 710)

POPE, Judge.

Plaintiff Chris Bird operates a vehicle towing service in Savannah. The record shows that during the summer of 1986 the towing of automobiles from privately or publicly owned property was an issue of public discussion and debate and a topic of reporting and commentary in the Savannah news media. Between August 4 and August 8 a disc jockey employed by defendant WEIS Broadcasting Corporation played a recording of a song he wrote and performed during radio broadcasts. The title of the song was "Look at All Those Tow Trucks" and it was sung to the tune of a song popular at the radio station at the time. Although the song referred to tow trucks in general, it referred to plaintiff's towing service by name. Included in the lyrics were the following comments: "[I]t's like havin' a license to rob." "[I]f these guys weren't towing cars, they'd be politicians." "[T]hey so bad they even make my preacher want to cuss." "[I]t really wouldn't anger me, I wouldn't have much to say, if only my car hadn't been parked in my driveway." At the end of the song the singer shouted over the closing music: "Hey, you can't do that . . . that's against the law, that's breaking the law."

Plaintiff Bird filed suit against defendant WEIS and, following a jury trial, was awarded judgment in his favor for $25,000 general damages and $5,000 punitive damages. The trial judge granted defend-

ant's motion for judgment notwithstanding the verdict and plaintiff appeals.

1. We agree with the trial court's finding that the comments in the lyrics of the song were either substantially true or were merely rhetorical hyperbole and therefore an expression of opinion. Both truthful facts and opinion are protected speech. Therefore, the broadcast of the song was not actionable.

Plaintiff did not dispute that his business had towed cars from the locations mentioned in the song and that he charged the stated amount of money. The reference to the towing of a car from the singer's own driveway was merely humorous hyberbole and could not reasonably be interpreted as a factual representation. Moreover, plaintiff admitted that he had mistakenly towed the cars of tenants who lived above the business of one of the clients who hired him to tow cars from a place of business. As defendant argues, this is comparable to towing a car from its owner's driveway. The reference at the end of the song to "breaking the law" was also supported by evidence presented at trial. The Parking Services Administrator for the City of Savannah testified that some of plaintiff's signs were posted improperly in violation of city ordinance and that he had received complaints that plaintiff towed cars from unbarricaded lots in violation of state law. Because the facts contained in the song were substantially true, defendant was entitled to judgment in its favor as a matter of law. See *Simpson v. Times-Journal*, 170 Ga. App. 175 (1) (316 SE2d 795) (1984); *Jones v. Neighbor Newspapers*, 142 Ga. App. 365 (2) (236 SE2d 23) (1977).

The remaining content of the song was merely an expression of opinion about the practices and motivation of individuals involved in the automobile towing business, " 'matters with respect to which reasonable men might entertain differing opinions' [Cit.]" and is therefore not libelous. See *Bergen v. Martindale-Hubbell, Inc.*, 176 Ga. App. 745, 747 (337 SE2d 770) (1985).

2. Plaintiff urges that the trial court erred in basing its judgment notwithstanding the verdict in part upon a finding that plaintiff had failed to prove negligence because, plaintiff argues, sufficient evidence was presented to show the defamacast was an intentional tort. However, truth is a "perfect defense" to a defamation action and once the truth of the statement in issue is established then malice or intent is not an issue and a verdict for the defendant is demanded. *Savannah News-Press v. Hartridge*, 110 Ga. App. 203 (2) (138 SE2d 173) (1964). Those portions of the song which were expressions of opinion are constitutionally privileged. Privileged opinion cannot support a claim even for an intentional tort. See *Ault v. Hustler Magazine*, 860 F2d 877 (9th Cir. 1988), cert. denied, 109 SC 1532 (1988). Thus, we need not address plaintiff's remaining enumerations of error regarding

proof of negligence.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 6, 1989 —
REHEARING DENIED NOVEMBER 27, 1989 — 

*Downing, McAleer & Gaskin, James E. McAleer, D. Ray Gaskin, Mark H. Johnson, Thomas E. Maddox, Jr.*, for appellant.
*Stanley M. Karsman, Sharie S. Miltiades*, for appellee.