### 47875. BLOODWORTH v. SMITH et al.

Stolz, Judge. Smith sued G. A. Bloodworth, Sr. (Bloodworth) and Cherokee Products Co. (Cherokee), a partnership composed of Bloodworth, his mother and brother, for personal injuries sustained when a tear gas pen gun went off in Smith's hand. The trial judge sustained defendant Cherokee's motion for summary judgment and dismissed the case as to the partnership, but overruled defendant Bloodworth's individual motion for summary judgment. Bloodworth obtained a certificate of immediate review pursuant to Code Ann. § 81A-156 (h) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238).

The evidence in support of and in opposition to the motion for summary judgment was without conflict. On May 22, 1971, defendant Bloodworth brought a 1967 Buick automobile into Huckabee Auto Co. in Macon, Georgia for servicing and repairs. The automobile was owned by the defendant Cherokee, but

primarily used by defendant Bloodworth's wife. Several years prior thereto, defendant Bloodworth had bought a tear gas pen gun for his wife's protection and it had been lying on the car's dashboard for several years. Defendant Bloodworth testified positively that the tear gas pen was uncocked when he left the 1967 Buick at Huckabee Auto Co.

The plaintiff, an employee of Huckabee since 1932 (salesman), walked by the 1967 Buick automobile and noticed the tear gas pen gun on the dashboard. Thinking the tear gas pen gun was a pen-type flashlight and wanting to protect it from possible theft by persons wandering through Huckabee's premises by placing it in the car's glove compartment, the plaintiff reached into the car with his left hand, took hold of the tip of the tear gas pen gun with his thumb and forefinger, and attempted to take the pen gun from the dashboard. As he did so, the gun went off, injuring the plaintiff's hand. The plaintiff testified positively that at no time did he cock the gun, but that it could have scraped something on the dashboard as he attempted to remove it, but that it was not hard to pick up. An examination of the tear gas pen gun, which was included as an exhibit in support of the motion for summary judgment, shows that it is triggered through the use of a spring mechanism. *Held:*

The foregoing evidence gives rise to issues of fact that are for the jury to resolve. It cannot be said that, construing the foregoing evidence (with all inferences therefrom) most strongly against the movant, the defendant is entitled to a judgment in his favor as a matter of law. This principle should be so well established in our law as not to require citation. Nevertheless, the following are listed: *McChargue v. Black Grading Contractors,* 119 Ga. App. 35 (166 SE2d 43); *Capital Automobile Co. v. G. M. A. C.,* 119 Ga. App. 186 (1) (166 SE2d 584); *Connors v. City Council of*

*Augusta,* 120 Ga. App. 499 (1, 2) (171 SE2d 578); *Candler General Hospital v. Purvis,* 123 Ga. App. 334 (1) (181 SE2d 77); *Burnette Ford, Inc. v. Hayes,* 124 Ga. App. 65 (1) (183 SE2d 78).

The trial court correctly denied the defendants' motion for summary judgment as to defendant Bloodworth.

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*

ARGUED FEBRUARY 13, 1973 — DECIDED MARCH 2, 1973.

*Harris, Russell & Watkins, Joseph H. Davis,* for appellant.

*Melton, McKenna & House, Doye E. Green,* for appellees.