49830. WOODS MILL, LTD. v. WHITMAN et al.

STOLZ, Judge.

Woods Mill, Ltd. (Woods Mill), a limited partnership whose general partner was the Baier Corporation (Baier), brought suit in three counts against Trans-Am Builders, Inc. (Trans-Am), Charles M. Fonda (Fonda) and Howe D. Whitman (Whitman) for breach of contract and resulting damages (Count 1), breach of contract and fraud (Count 2), and damages (Count 3). The trial judge sustained the individual defendants' motion for summary judgment as to Count 2, and it is that judgment which is before us for review.

The matter around which the controversy turns is a letter of credit of $150,000 which would be irrevocable for 15 months, which Woods Mill contends Trans-Am agreed to provide. A letter of credit was provided, but, by its terms, it expired after only 12 months. Woods Mill contends that it was ignorant of the discrepancy, and that Trans-Am and the individual defendants knew of it and concealed the same from Woods Mill. Trans-Am contends that it was under no obligation under the contract to furnish the letter of credit, but did so to assist Woods Mill

secure construction financing for the project, that the letter of credit was delivered to an officer of the general partner (Baier), who in turn delivered it to an officer in Great American Mortgage Investors (GAMI), the financial institution which provided the construction financing.

In support of their motion for summary judgment, Fonda and Whitman rely on the deposition of Yancey Shaver, an officer in GAMI, in addition to their own testimony. Mr. Shaver testified: "I believe Byron Schriver [an officer in Baier, the general partner] brought it [the letter of credit] up to us [GAMI], but I couldn't tell you when." Mr. Whitman testified that "the letter of credit which was required by GAMMI [sic] was sent directly to GAMMI [sic]"; that he talked with Schriver and was told that GAMI had received the letter of credit; that, although its terms were not necessarily what they (GAMI) wanted, they had in fact accepted it; and if it was all right with GAMI it was all right with him. Mr. Schriver testified by deposition and affidavit that he did not know how the letter of credit was transmitted; that it did not come through his hands; that he has absolutely no recollection of physically having possession of or delivering the letter of credit to Mr. Shaver (GAMI); that to the best of his knowledge and belief he did not see the letter of credit or have actual knowledge of its expiration date until after the letter of credit had expired according to its terms; and that he was of the opinion and belief that said letter of credit was for a duration of 15 months. *Held:*

"The foregoing evidence gives rise to issues of fact that are for the jury to resolve. It cannot be said that, construing the foregoing evidence (with all inferences therefrom) most strongly against the movant, the defendant is entitled to a judgment in his favor as a matter of law. This principle should be so well established in our law as not to require citation." *Bloodworth v. Smith,* 128 Ga. App. 378, 379 (196 SE2d 691) and cits.; *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442).

*Judgment reversed. Deen, P. J., and Marshall, J., concur.*

ARGUED SEPTEMBER 30, 1974 — DECIDED NOVEMBER 26, 1974.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Robert W. Beynart,* for appellant.

*Moreton Rolleston, Jr.,* for appellees.