52073. SIMPSON v. ASSOCIATED DISTRIBUTORS, INC.

STOLZ, Judge.

This appeal is from the trial court's granting of the motion for summary judgment of the appellee, Associated Distributors, Inc., plaintiff below, and from the denial of the motion for summary judgment of appellant, W. C. Simpson, defendant below.

In November of 1970, appellant Simpson entered into a partnership with Morris T. Eskew under the name of "E & S Properties," for the construction of residential housing. From time to time during the course of the partnership, building supplies and materials were ordered from the appellee, Associated Distributors, Inc. d/b/a West Cash and Carry Building Materials of West End (hereinafter "West").

The partnership was dissolved on September 1, 1972, and Eskew assumed all assets and liabilities of the

partnership.

On September 9, 1972, appellant Simpson sent a letter to appellee West, notifying it of the dissolution of the partnership, stating, according to an affidavit submitted by Earl Guy, West's manager, that he (Simpson) had sold his interest in the partnership to his partner, Eskew. West admits in its complaint that *"until September 9, 1972, the defendant was engaged with Morris T. Eskew in the construction of residences under the trade name of E & S Properties."* (Emphasis supplied.)

At the time of dissolution, the partnership had some 24 - 27 houses under construction, which ranged from 40 to 70% of completion.

Subsequent to the notice of dissolution, West continued doing business with Eskew, advancing further materials for the continued construction of the houses previously owned by the partnership and accepting payment from Eskew. Also, after dissolution of the partnership, appellant Simpson did business with the appellee under a different account, in Simpson's own name, which account was fully paid.

The appellant contends that on March 10, 1973, the appellee accepted a note from Eskew in the principal sum of $24,000, covering all of the debts of the partnership prior to its dissolution, and debts made by Eskew subsequent to dissolution. The appellant contends that this note was negotiated and accepted by the appellee without his knowledge, consent or notice to him. The note was not introduced in evidence and thus does not appear in the record on appeal. Likewise, the appellant's letter to the appellee of September 9, 1972, giving notice of the dissolution of the partnership, is not contained in the record.

All evidence and inferences from evidence and the pleadings are construed against the party moving for summary judgment. *Woods Mill v. Whitman,* 133 Ga. App. 415, 416 (210 SE2d 865) and cits. Where the grant of a motion for summary judgment is appealed, it is now permissible for the denial to be appealed simultaneously and this without a certificate for immediate review. *Ga. Motor Club v. First Nat. Bank &c. Co.,* 137 Ga. App. 521. Accordingly, the trial judge correctly denied the

appellant's motion for summary judgment, but was in error in granting that of the appellee.

*Judgment affirmed in part, reversed in part. Bell, C. J., and Clark, J., concur.*

SUBMITTED APRIL 6, 1976 — DECIDED APRIL 29, 1976.

*Harris & Martin, James F. Martin,* for appellant.

*Hatcher, Meyerson, Oxford & Irvin, Henry M. Hatcher, Jr.,* for appellee.