## 31992. BLEASE v. BLEASE.

JORDAN, Justice.

This appeal by S. M. Blease, Jr., is from the grant of a summary judgment to Mrs. S. M. Blease, Sr.

The appellant filed a complaint against his mother and other family members seeking damages for his alleged unlawful eviction from the premises of his mother after her alleged oral agreement with him to rent him her premises for farming purposes.

Such an action for damages would ordinarily be in the jurisdiction of the Court of Appeals and not this court, but jurisdiction is retained because of the necessity that we take judicial notice (see *Baker v. City of Atlanta,* 211 Ga. 34 (3) (83 SE2d 682) (1954)) of the record in this court of the case of *Blease v. Blease,* 236 Ga. 525 (224 SE2d 377) (1976) in order to deal with the contentions of both parties.

1. The appellant's first four enumerated errors complain of rulings of the trial court in former litigation

between the parties in which Mrs. Blease and other members of her family obtained an injunction against S. M. Blease, Jr., to restrain him from interfering with the visitation of the other family members with Mr. and Mrs. S. M. Blease, Sr., and from attempting to induce Mrs. Blease to execute any documents pertaining to her property. The fifth, sixth, and seventh enumerated errors complain of orders entered in a contempt case in which S. M. Blease, Jr., was found to be in contempt of the injunctive order above described. The rulings of the trial court in the contempt order were affirmed by this court. *Blease v. Blease,* 236 Ga. 525, supra.

The appellant cannot in this appeal relitigate the matters decided adversely to him in the former cases.

2. We find no merit in the contentions in enumerated errors 8 through 10, that the court erred in ordering the case dismissed as to the defendants other than Mrs. Blease named in the original complaint; in ordering the appellant to redraft his complaint so that the averments will be simple, concise, and direct; and in granting a continuance to the appellee on the hearing on the appellant's motion for partial summary judgment.

3. Enumerated error 11 asserts that the court erred in refusing to grant partial summary judgment to the appellant. In *Marietta Yamaha, Inc. v. Thomas,* 237 Ga. 840, 842 (2) (229 SE2d 753) (1976), this court pointed out the only method for reviewing the denial of a motion for summary judgment, and this method was not followed in the present case.

4. The final error enumerated is the grant of the appellee's motion for summary judgment.

The appellant in his affidavit stated that since 1950 he had leased the farm of Mr. and Mrs. S. M. Blease, Sr., on a year to year basis, that on June 30, 1975, they orally agreed to rent the farm to him for the 1976 crop year, and he started preparing the land for the 1976 crop year, but Mrs. S. M. Blease, Sr., has breached her contract.

The appellee in her affidavit denied that she had made a contract with the appellant for the year 1976. There was no contradiction in the evidence that the appellant had been evicted from the premises of the appellee.

The appellee makes two contentions as to why the grant of the summary judgment to her should be sustained: (a) that the oral contract as alleged by the appellant violates the Statute of Frauds because it was not to be performed in its entirety within the year in which it was made; and (b) that there was an estoppel by judgment on the issue of the alleged parol agreement because this issue was raised by the appellant in the contempt case (*Blease v. Blease,* 236 Ga. 525, supra).

(a) At the time of the alleged oral contract Code § 61-102 provided: "Contracts creating the relation of landlord and tenant for any time not exceeding one year may be by parol, and if made for a greater time shall have the effect of a tenancy at will." See Ga. L. 1976, pp. 1372, 1373, for amendment to this section. Under this Code section this court held in *Deriso v. Castleberry,* 202 Ga. 174 (2) (42 SE2d 356) (1947), as follows: "A contract creating the relation of landlord and tenant for any time not exceeding one year, though made before the year begins, may be by parol." The case of *Atwood v. Norton,* 31 Ga. 507 (1860), cited by the appellee, is no longer the law. *Steininger v. Williams,* 63 Ga. 475, 476 (1879).

The oral contract alleged by the appellant did not violate the Statute of Frauds, since it was for one year only.

(b) By examining the record in this court in *Blease v. Blease,* 236 Ga. 525, supra, we find that litigation was instituted by an application by Mrs. S. M. Blease, Sr., for contempt order against S. M. Blease, Jr., asserting that he had violated an injunctive order by entering on her land and making preparations for harvesting her pecan crop and cultivating her farm. S. M. Blease, Jr., defended the contempt action by alleging that Mr. and Mrs. Blease had entered into an oral agreement with him to cultivate their land. A part of his answer is designated a counterclaim, in which the oral agreement is alleged, but no claim for damages was made. The trial judge found him in contempt. In a statement to the parties prior to rendering his written order, the judge stated: "There is some dispute about whether or not she entered into an agreement with her son about this land. She said she did not; but even if she did, she has a right to refute that agreement at any

time that she wants to, and he has a right for damages if he wants to sue, if he suffered any damages." This statement of the trial judge was enumerated as error in the contempt case, and this court found that it was no ground for reversal of the contempt order.

Code Ann. § 81A-113 (a) (Ga. L. 1966, pp. 609, 625), dealing with compulsory counterclaims, is not applicable in contempt cases. *Fernandez v. Fernandez,* 232 Ga. 697, 698 (2) (208 SE2d 498) (1974); *McNeal v. McNeal,* 233 Ga. 836 (213 SE2d 845) (1975); *Word v. Word,* 236 Ga. 100, 101 (1) (222 SE2d 382) (1976); *Hines v. Hines,* 237 Ga. 755, 756 (2) (229 SE2d 744) (1976).

It is obvious from an examination of the record in *Blease v. Blease,* 236 Ga. 525, supra, that the action for damages by the appellant against the appellee was not adjudicated in that case, and no estoppel by judgment should be applied in the present case because of the former litigation.

There was a genuine issue of fact as to the claim of the appellant that his mother had made an oral contract with him to farm her land, which should have been submitted to a jury, and the trial judge erred in granting summary judgment to the appellee.

*Judgment reversed. Nichols, C. J., and Undercofler, P. J., concur. Hall, J., concurs in the judgment only. Ingram and Hill, JJ., dissent.*

Argued February 16, 1977 — Decided April 6, 1977 — Rehearing denied April 21, 1977.

*John S. Boswell, Sr.,* for appellant.
*Bennett & Wisenbaker, Reginald C. Wisenbaker,* for appellee.

Hill, Justice, dissenting.

I dissent from Division 3 for the reasons stated in my dissent in *Marietta Yamaha, Inc. v. Thomas,* 237 Ga. 840, 843 (229 SE2d 753) (1976).