32111. FIRST NATIONAL BANK OF ATLANTA et al.
v. FERRELL et al.

INGRAM, Justice.

Appellant bank, executor under the will of R. W. Nelson, appeals two orders of the Fulton Superior Court. One order granted partial summary judgment against the bank and the other denied the bank's cross motion for partial summary judgment.

This appeal arises from the sale of two rental properties to appellees by R. W. Nelson. Both parcels of realty are located in Atlanta: one on Lindsay Street; and one on Wadley Street. In May, 1972, Nelson sold the Lindsay Street property to the appellees subject to a first security deed with the balance of the purchase price to be paid in monthly installments. In October, 1972, the Wadley Street property was conveyed in basically the same fashion. Appellees executed a promissory note and a deed to secure debt on each property. In both deeds to secure debt the appellees covenanted to apply the rental proceeds according to specific priorities: (1) to security deed payments; (2) to ad valorem taxes; (3) to insurance on the property; (4) to repairs and maintenance; and, (5) to their own use. Both security deeds permitted Nelson to consider noncompliance with these covenants as a default, to accelerate the debt at his option, and to foreclose and sell the property.

In April, 1974, the properties were separately sold under the power of sale granted in the security deeds after the appellees allegedly defaulted on the security deed payments. The sales were judicially confirmed in February, 1975. Subsequently, the appellant brought suit in Fulton Civil Court for deficiency judgments. The appellees then filed an equitable action in Fulton Superior Court to set aside the foreclosure sales. The superior court consolidated the actions. After a hearing the trial court granted the appellees' motion for partial summary judgment as to the Wadley Street property and denied the appellant bank's motion for partial summary

judgment as to the Lindsay Street property.

We consider first the bank's appeal from the denial of its cross motion for summary judgment. An order denying summary judgment must be appealed in accordance with Code Ann. § 6-701 (a) 2. In this case the bank failed to comply with the requirements for an interlocutory appeal. For this reason, we cannot review the denial of the bank's motion for summary judgment. This court has held that appeal by certificate is the only method whereby the denial of a motion for summary judgment may be reviewed. See *Blease v. Blease,* 238 Ga. 651 (1977); and *Marietta Yamaha, Inc. v. Thomas,* 237 Ga. 840 (229 SE2d 753) (1976).

We turn now to the grant of partial summary judgment against the bank pertaining to the Wadley Street property. This is an appealable judgment without a certificate under Code Ann. § 81A-156 (h). The salient features of the security deed are not in dispute. The parties agree that Nelson could consider a breach of any of the covenants as a default; that he could accelerate the debt at his option; and, that he did have the power to sell the property. There is also no dispute as to the issues considered by the court that confirmed the sales. See Code Ann. §§ 67-1504 and 67-1505 (Cum. Supp. 1976).[1] The parties' disagreement concerns the effect of the published notice of sale which stated: " . . . The debt secured by said security deed and note has been and is declared due *because of non-payment of the monthly installments* on said loan . . ." (Emphasis supplied.)

The appellees contend that the advertisement was in error because there was no default as to the monthly security deed payments. Thus, it is argued that the foreclosure and sale on this basis were wrongful. Appellees further argue that the advertisement constituted a waiver by Nelson of his right to declare the debt due on any ground other than nonpayment of installments on the security deed and, in effect, estopped

---

[1] Quaere: Are the appellees barred by the doctrine of res judicata because of the prior confirmation judgments? That issue is not before us in this appeal.

him from foreclosing. The bank admits that the published notice was in error. However, it argues, the appellees were in default on another obligation, that they were given notice of this default outside of the advertisement, and that the sale was not wrongful.

In support of their position the appellees cite *Lee v. O'Quinn,* 184 Ga. 44 (190 SE 564) (1937), where the court stated: "Although the failure to pay the taxes [due on the property] may have been an additional ground for accelerating the [debt] . . , and even if the advertisement of the property for sale might ordinarily have been an effective exercise of the option to declare the future installments due on that ground, the creditor, having expressly attempted to exercise the option because of the alleged failure to pay one of the installments (as stated in the advertisement), in effect waived his privilege of declaring the balance due on any other ground in so far as that particular exercise of the option was concerned." 184 Ga. at p. 46.

*Lee* is not controlling here. There the only notice given the debtor was the advertisement notice which recited an incorrect reason for the default and acceleration. In the present case the creditor contends that prior to the advertisement the debtor was given correct notice of the reason for the default and the creditor's decision to accelerate the debt.

"One legally entitled to exercise a power of sale in a security deed, unless so required under the terms of the instrument creating the power, need not give notice to the grantor in order to effect a valid sale." *Redwine v. Frizzell,* 184 Ga. 230, 234 (3) (190 SE 789) (1937).[2] However, where required, the reason for the notice requirement is this: "[I]t is necessary that some affirmative action be taken by the creditor evidencing his intention to take advantage of the acceleration clause; otherwise the provision has no operation, and the debtor has a right to tender the sums in

---

[2] No constitutional issues are raised in this case, but see *National Community Builders v. C. & S. Nat. Bank,* 232 Ga. 594 (207 SE2d 510) (1974); *Ruff v. Lee,* 230 Ga. 426 (197 SE2d 376) (1973).

default. The creditor can not in his own mind effectively exercise the option to declare the whole principal due; he must communicate his decision to the debtor, or manifest it by some outward affirmative act sufficient to constitute notice of his election..." *Lee,* at p. 45.

When a creditor has a contractual right to declare a default and accelerate the debt and the creditor correctly communicates that decision in a timely fashion to the debtor, a subsequent foreclosure advertisement, stating another reason for the default and acceleration, does not necessarily result in a wrongful foreclosure.

We would agree with the appellees that if, as in *Lee,* the advertisement was the *only* notice of acceleration and it stated the wrong ground for acceleration, then it would fail as proper notice to the debtor when such notice is required by the deed to secure debt. However, we do not agree that an erroneous statement, of the reason for the default, in the advertisement of sale, results in a wrongful foreclosure if proper notice was given to the debtor of the actual default and the intention to accelerate *prior* to the publishing of the advertisement. Cf. *Redwine v. Frizzell,* supra, at 235 (5).

The evidence in this case raises an issue of fact as to whether the appellees received notice of the intention to accelerate and of the actual default prior to publication of the notice of sale. Summary judgment, therefore, was improperly granted.

*Judgment reversed. All the Justices concur, except Hill, J., who concurs specially.*

ARGUED MARCH 21, 1977 — DECIDED MAY 12, 1977.

*A. Mims Wilkinson, Jr., John G. McCullough,* for appellants.

*Patterson, Parks, Jackson & Howell, Bernard Parks,* for appellees.

HILL, Justice, concurring specially.

I am unable to agree to the opinion of the majority in its entirety due to the court's failure to reach the issues presented by the denial of appellant's motion for

summary judgment. See my dissent in *Marietta Yamaha, Inc. v. Thomas,* 237 Ga. 840, 843 (229 SE2d 753) (1976), and in *Blease v. Blease,* 238 Ga. 651 (1977).

I concur in the remainder of the court's opinion.