## 54146. AMERICAN MUTUAL FIRE INSURANCE COMPANY v. LLEWELLYN.

WEBB, Judge.

In this insurance coverage case the insurer appeals from the finding of the trial court in construing the contract that a two-way radio installed in Llewellyn's automobile was not a "device or instrument for the recording, reproduction or recording and reproduction of sound which may be operated by power from the electrical system of a motor vehicle," and thus was not expressly excluded from coverage for theft under his homeowner's policy. We do not address this question, however, because recovery is governed by another clause of the policy.

1. It was stipulated by both parties that while Llewellyn's automobile was left locked and unattended in a parking lot, the radio equipment was stolen or disappeared without any signs of forcible entry upon the exterior of the vehicle. Paragraph 10c. of the Perils Insured Against provisions of the policy recites in pertinent part as follows: "Theft Exclusions applicable to property away from the described premises: This policy does not apply to loss away from the described premises of . . . (2) property while unattended in or on any motor vehicle or trailer . . . unless the loss is the result of forcible entry into such vehicle while all doors, windows or other openings thereof are closed and locked, provided there are visible marks of forcible entry upon the exterior of such vehicle. . ."

In ruling upon a motion for summary judgment, particularly one based upon a contract which is controlling, it is axiomatic that the court must search the entire record and consider all papers of record properly before it. *Jackson v. Couch Funeral Home,* 131 Ga. App. 695 (206 SE2d 718) (1974); *Brown v. Rooks,* 139 Ga. App. 770 (229 SE2d 548) (1976). Thus, whether or not the radio equipment was of the type expressly excluded from coverage, recovery is nevertheless precluded because the loss did not occur by forcible entry of the vehicle. "The

policy of the Supreme Court is to enforce strictly an insurance contract in accordance with the meaning of its unambiguous terms, even in those instances where the court's sympathy may avowedly rest with an unfortunate claimant precluded recovery by that strictness of policy." *Boyes v. Continental Ins. Co.,* 139 Ga. App. 609, 610 (229 SE2d 75) (1976). Accordingly, the trial court erred in granting Llewellyn's motion for summary judgment, and that portion of the order must be reversed.

2. Appellant enumerated as error the order denying its motion for summary judgment and granting Llewellyn's. "There is no provision for review of the denial of the summary judgment in Code Ann. §§ 81A-156 (h) or 6-701 (a) 2 (A), except by *direct* appeal with a certificate of the trial judge and an application for review to the appropriate appellate court." *Marietta Yamaha, Inc. v. Thomas,* 237 Ga. 840, 842 (2) (229 SE2d 753) (1976); *Jones v. Neighbor Newspapers,* 142 Ga. App. 365.[1] Therefore that portion of the order denying appellant's motion for summary judgment cannot be reviewed here, but the grant of Llewellyn's motion is reversed.

*Judgment reversed. Deen, P. J., and Marshall, J., concur.*

ARGUED JULY 6, 1977 — DECIDED JULY 13, 1977.

*Harvey, Willard & Elliott, E. C. Harvey, Jr.,* for

---

[1] We point out one dilemma imposed by the Supreme Court in *Marietta Yamaha, Inc. v. Thomas,* 237 Ga. 840 (2), supra, upon those desiring to have reviewed denials of motions for summary judgment. American Mutual obtained a certificate of immediate review and pursuant to Code Ann. § 6-701 (a) 2 on March 16, 1977, filed a timely application for interlocutory appeal from the same order here reviewed. The application was denied, presumably because the order also granted summary judgment and was appealable as a final judgment. Any appellate decision on the merits of the insurer's motion has thereby been foreclosed.

appellant.

*Hunter & Robins, John Calvin Hunter,* for appellee.