53910. MAHLER v. PAQUIN.
53911. MAHLER v. AIELLO.

QUILLIAN, Presiding Judge.

This case has been remanded to us for disposition in accordance with the opinion of the Supreme Court after a grant of certiorari. Plaintiffs Paquin and Aiello are Michigan residents. They brought suit in Georgia to domesticate Michigan judgments against the defendant — Mahler. Plaintiffs' motions for summary judgment were granted by the trial court. Defendant's motions for summary judgment were denied. On appeal, defendant enumerated as error the granting of summary judgments for the plaintiffs and the denial of his summary judgments. We affirmed the trial court, but held in the first division: "There is no provision for appellate review of the denial of a summary judgment except by direct appeal with a certificate of review. *Marietta Yamaha, Inc. v. Thomas,* 237 Ga. 840, 842 (2) (229 SE2d 753)." *Marietta Yamaha* specifically held: "There is no provision for review of the denial of the summary judgment in Code Ann. §§ 81A-156 (h) or 6-701 (a) 2 (A), except by *direct* appeal with a certificate of the trial judge and an application for review to the appropriate appellate court." Id. p. 842.

On certiorari, the Supreme Court vacated our first division and remanded to this court for further consideration in accordance with *Stallings v. Chance,* 239 Ga. 567, which held: "The Court of Appeals in that division misapplied this court's holding in *Marietta Yamaha, Inc. v. Thomas. . ."*

In *Ga. Motor Club v. First Nat. Bank &c. Co.,* 137 Ga. App. 521 (224 SE2d 498); *Simpson v. Associated Distributors,* 138 Ga. App. 516 (226 SE2d 624); *this case,* and *Stallings v. Chance,* supra, all parties made motions for summary judgment in the trial court, and the appellees' motions were granted and the appellants' motions were denied. As stated earlier, *Marietta Yamaha,* p. 842, held: "There is no provision for review of the denial of the summary judgment in Code Ann. §§ 81A-156 (h) or 6-701 (a) 2 (A), except by *direct* appeal with a certificate of the trial judge and an application for review to the

appropriate appellate court. . . The holdings of the Court of Appeals in *Georgia Motor Club v. First Nat. Bank &c. Co.,* . . . and *Simpson v. Associated Distributors. . . ,* to the contrary, are expressly disapproved." Now *Stallings* holds that we have "misapplied" *Marietta Yamaha.*

In *Ga. Motor Club* we held that because of the 1975 amendment of Code Ann. § 81A-156 (h), "the legislature obviously intended to modify the law to now permit review of the denial of a summary judgment without the necessity of making application for interlocutory appeal where there is a final judgment which is the basis of the appeal. On direct appeal such application is, of course, mandatory." 137 Ga. App. p. 525. Thus, we expressly held that where there is a final judgment, as when the appellee's summary judgment was granted, the appellant may appeal the denial of his motion for summary judgment, but absent a final judgment he must use the interlocutory method of appeal.

Again in *Simpson,* where there was a grant and a denial of a summary judgment, we reiterated: "Where the grant of a motion for summary judgment is appealed, it is now permissible for the denial to be appealed simultaneously and this without a certificate for immediate review." 138 Ga. App., p. 517. *Marietta Yamaha* "expressly" overruled this language in *Simpson* and *Ga. Motor Club* which permitted appeal of the denial of a motion for summary judgment where the appellee's motion for summary judgment had been granted.

However in *Stallings,* there was a grant and a denial of motions for summary judgment, the court held, p. 568: "The grant of appellee's motion disposed of the entire case in the court below. No issue was left pending for decision. This had the effect of making appellant's denial of summary judgment a final judgment, and directly appealable under Code Ann. § 6-701 (a) 1. No certificate for immediate review was necessary because the denial judgment was 'otherwise subject to direct appeal' and Code Ann. § 6-701 (a) 2 did not apply."

It is clearly beyond cavil that neither the facts nor the law in *Ga. Motor Club, Simpson,* this case, and *Stallings* may be distinguished as they are the same.

*Marietta Yamaha* is distinguishable on the facts

from *Ga. Motor Club* and *Simpson* but if it was intended to base the decision on that distinction, it failed to do so. Its broad language, i.e., "There is no provision for review of the denial of the summary judgment . . . except by *direct* appeal with a certificate of the trial judge and an application for review to the appropriate appellate court, set forth an exclusive method of review for "summary judgment" procedures and denied the right of appeal under Code Ann. § 6-701 (a) 1, where appellee's motion for summary judgment was granted and appellant's motion for summary judgment was denied by overruling this language in *Ga. Motor Club* and *Simpson*. In fact the Supreme Court followed its own mandate in *Blease v. Blease,* 238 Ga. 651 (235 SE2d 21), wherein appellee's motion for summary judgment had been granted. Under *Stallings* this made *Blease* a final judgment below and the appellant appealed the denial of his motion for partial summary judgment. *Blease* held: "In *Marietta Yamaha, Inc. v. Thomas . . . this court pointed out the only method for reviewing the denial of a motion for summary judgment, and this method was not followed in the present case."* 238 Ga. p. 652. (Emphasis supplied.) Again in *First Nat. Bank of Atlanta v. Ferrell,* 239 Ga. 8 (235 SE2d 507), the Supreme Court explained: "This court has held that *appeal by certificate is the only method whereby the denial of a motion for summary judgment may be reviewed."* Id. p. 9. (Emphasis supplied.)

It is obvious that *Stallings* and *Blease* are in direct conflict, but *Stallings* is in perfect harmony with *Ga. Motor Club* and *Simpson*. But *Marietta Yamaha* expressly disapproved the wording of *Ga. Motor Club* and *Simpson* which is parroted by *Stallings*. This court could not use the wording of *Ga. Motor Club* and *Simpson* because of *Marietta Yamaha,* thus we used the exact wording of *Marietta Yamaha* in the instant case and evoked the holding that we misapplied them. We are consoled by the fact that the Supreme Court must also have misapplied *Marietta Yamaha* in *Blease,* and as *Stallings* has approved the language of *Ga. Motor Club* and *Simpson* we have come full circle from *Ga. Motor Club,* through *Marietta Yamaha* and *Stallings* to return to the holding of *Ga. Motor Club*.

In the instant case the defendant appeals the denial of his motion for summary judgment without following the procedure required by previous decisions of the Supreme Court and this court. See *Blease v. Blease,* 238 Ga. 651, supra; and *Royal Atlanta Development Corp. v. M.D. Hodges Enterprises,* 141 Ga. App. 838 (2) (234 SE2d 676); *Am. Mut. Fire Ins. Co. v. Llewellyn,* 142 Ga. App. 824, 825 (Fn. 1) (237 SE2d 227). The law now permits review of the denial of a summary judgment without the necessity of making application for interlocutory appeal where there is a final judgment — as in this case, a grant of a motion for a summary judgment. *Ga. Motor Club v. First Nat. Bank &c. Co.,* 137 Ga. App. 521, 525, supra; *Simpson v. Associated Distributors,* 138 Ga. App. 516, supra; *Stallings v. Chance,* 239 Ga. 567, supra.

We adhere to our original decision on the merits of this appeal and the law therein cited clearly shows that defendant was not entitled to summary judgment in his favor. *Peacock v. Walker,* 213 Ga. 628, 630 (100 SE2d 575), and *Cotton States Mut. Ins. Co. v. Booth,* 116 Ga. App. 410 (157 SE2d 877). The trial court did not err in denying defendant's motion for summary judgment.

*Judgments affirmed. Shulman and Banke, JJ., concur.*

ARGUED MAY 10, 1977 — DECIDED NOVEMBER 7, 1977.

*Raiford, Hills & McKeithen, Tyler Dixon,* for appellant.

*Zusmann, Sikes, Pritchard & Cohen, Dennis M. Hall,* for appellees.