## 55022. MELTON v. BOW.

SHULMAN, Judge.

Bow brought suit against Melton for slander and libel, alleging that Melton had made certain defamatory remarks. Melton defended by denying making certain of the statements and claiming privilege as to others. Bow had been employed under a work-study program by the University of Georgia chemistry department during a period in which Dr. Melton was the head of that department. Over a year after Bow's departure from the university, a controversy arose over certain paychecks. A subsequent criminal investigation conducted by university police resulted in the forgery conviction of a chemistry department employee who had caused checks to be issued in the names of ex-employees (including appellee's name) and had then forged indorsements thereon. Bow had no connection with the forgery scheme. This case concerns statements made by Melton during and after the period of the criminal investigation and in the course of an independent investigation Melton purported to conduct.

1. At the close of the plaintiff's case, appellant moved for a directed verdict, contending that malice had not been shown. He enumerates the denial of that motion as error.

Appellant argues, correctly, that when a prima facie showing of privilege has been made, the burden is on the plaintiff to prove actual malice. *WSAV-TV v. Baxter,* 119 Ga. App. 185 (166 SE2d 416). He contends that there had been no evidence of malice.

Appellee argued at trial that a jury question had been raised by the evidence and the trial judge agreed; so do we.

"It is urged that it must be proven that the libelous publication was made with actual malice or with reckless disregard of the truth. [Cits.] But such proof is supplied when the totality of the circumstances suggests malice, and even though the publisher may testify that he acted in good faith (or without malice) 'the facts, all the facts, are to be considered in arriving at the truth of his real motive.' [Cits.] It is never expected that the publisher will

*admit his own malice.* Likewise it would impose too onerous a burden on plaintiff to expect him to bring forth a witness to testify that he overheard the publisher say that he was actuated by malice. *The circumstances, all of the circumstances,* must be considered, and from those circumstances, despite the publisher's sworn testimony to the contrary, a jury may properly conclude the publisher was motivated by malice." *Montgomery v. Pacific & Southern Co.,* 131 Ga. App. 712, 716-17 (206 SE2d 631), affd. 233 Ga. 175 (210 SE2d 714). Considering all the circumstances of this case, including the persons to whom the defamatory statements were made, the occasions on which they were made, and the manner in which they were published, the jury was authorized to find the existence of actual malice. In addition, ". . . at the very least, . . . there was a 'reckless disregard of the truth' which is the equivalent of malice." Id., p. 717. There was no error in denying the motion for a directed verdict.

2. Following the verdict for appellee, Dr. Melton filed a motion for judgment notwithstanding the verdict, or in the alternative, for a new trial. The denial of that motion is enumerated as error.

A. Citing the decision in *Walter v. Davidson,* 214 Ga. 187 (104 SE2d 113), appellant contends that there was no publication of his remarks because he made them in the course of a good-faith investigation to persons who were properly concerned with the progress of the investigation. However, the fact that the persons to whom he communicated his statements concerning Bow were university employees does not demand a finding that there was no publication. "Certainly a janitor is an employee and there may be many other employees, all without a duty or authority to control student conduct, and obviously slanderous statements about a student stated to such employees would be publication in contemplation of the law." *Walter v. Davidson,* supra, p. 191. The evidence in this case supports a finding that Dr. Melton's remarks were made to persons "without a duty or authority to control" conduct of the kind which was properly the subject of the investigation he purported to be making. The evidence, therefore, supported a finding of

publication of the defamatory statements.

B. In his motion for judgment notwithstanding the verdict, appellant again raised the issue of malice. That argument is answered in Division 1 of this opinion.

3. Appellant contends that the verdict was not supported by the evidence. As noted in Divisions 2 and 3, there was evidence to support both the jury's rejection of appellant's defense of privilege and its finding of malice in the making of the defamatory statements. "In passing on the sufficiency of the evidence to support the verdict, the appellate courts are to afford the evidence that view which is most favorable to the appellee and which is designed to uphold the verdict. All conflicts must be rendered against the appellant, and if there is any evidence to support the verdict it must be affirmed." *Mundy v. Cincinnati Ins. Co.,* 141 Ga. App. 106 (8) (232 SE2d 621).

Appellant also contends that the verdict is without evidentiary support because the testimony of appellee's own witnesses showed that his reputation had not been damaged. One of Bow's witnesses twice said, ". . . he has an outstanding reputation." This testimony, appellant argues, rebutted the presumption of damages which attached upon proof of the defamatory statements and placed on Bow the burden of proving actual damages. Assuming appellant is correct about the effect of that testimony, we still cannot find the verdict to be unsupported by the evidence. Another witness testified that when Dr. Melton accused Bow of criminal activity, ". . . it made me wonder about him." Applying the any evidence rule stated above, we are constrained to hold in favor of the jury's verdict.

4. The jury returned a verdict against appellant in the amount of $200,000. Appellant contends that the verdict was excessive.

" 'When a case comes before this court, after the refusal of a new trial by the presiding judge, it comes not only with the presumption in favor of the verdict, but also stamped with the approval of the judge who tried the case, and where no prejudice or bias or corrupt means in reaching the verdict appear, we are not authorized to set it aside as being excessive. [Cits.]' " *Jones v. Spindel,* 128 Ga. App. 88 (2), 96 (196 SE2d 22). "This court does not

have the broad discretionary powers invested in trial courts to set aside verdicts, and where the trial court before whom the witnesses appeared had the opportunity of personally observing the witnesses, including the plaintiff on the stand, has approved the verdict, this court is without power to interfere unless it is clear from the record that the verdict of the jury was prejudiced or biased or was procured by corrupt means. [Cit.]" *Kiker v. Davis,* 103 Ga. App. 289, 290 (118 SE2d 861).

In view of the allegations that Dr. Melton abused his position of authority in a wanton and reckless manner to slander appellee, which allegations were supported by the evidence, and in the absence of any showing of prejudice or bias or corrupt means of reaching the verdict or any abuse of the trial court's discretion in refusing to overturn the verdict, we cannot say the verdict was excessive as a matter of law.

5. Appellant moved for summary judgment but did not appeal the denial of his motion until this appeal. Although the rule is that, after trial and verdict, it is too late to appeal the denial of summary judgment (*Phillips v. Abel,* 141 Ga. App. 291 (233 SE2d 384)) appellant argues that application of that rule would be unfair in this case because of prior decisions of this court on which he relied in timing his appeal from the denial of the motion. The motion was denied in July 1976. In February of that year, this court held that a denial of summary judgment could be reviewed ". . . without the necessity of making application for interlocutory appeal where there is a final judgment which is the basis of the appeal." *Ga. Motor Club v. First Nat. Bank &c. Co.,* 137 Ga. App. 521, 525 (224 SE2d 498), disapproved in *Marietta Yamaha, Inc. v. Thomas,* 237 Ga. 840 (229 SE2d 753). Appellant asserts that, in reliance on that decision, he chose to delay appeal of the denial. After his time for applying for interlocutory appeal had passed, in September 1976, this court declared that after trial, an enumeration of error complaining of the denial of summary judgment is nonmeritorious. *Mullinax v. Singleton,* 139 Ga. App. 704 (229 SE2d 518).

Although there has been some confusion about the timing and procedure for appealing the denial of

summary judgment (see *Mahler v. Paquin,* 143 Ga. App. 773 (240 SE2d 185)), the rule set forth in *Mullinax* has been followed since it was announced by the Supreme Court in *Hill v. Willis,* 224 Ga. 263 (2) (161 SE2d 281). "A motion for a summary judgment is somewhat analogous to a motion for a nonsuit, for if, after being overruled, even if done improperly, *all* the evidence shows that a verdict for the opposing party is authorized, the error is harmless. The purpose of permitting summary judgments is to dispose of unnecessary trials and not to upset a verdict authorized by the evidence merely because at a previous stage of the case a finding may not have been authorized in accordance with such verdict." Id., p. 266. The Supreme Court went on to discuss the statutory changes which had affected the reviewability of denials of summary judgment, and noted that, even if the denial is subject to review after verdict, ". . . yet, like a nonsuit, all the evidence adduced before the jury will be considered in reviewing such an order, and, if the verdict was authorized, the prior order overruling the motion for summary judgment will be affirmed as constituting, at most, harmless error." Id., p. 267. As we have held in preceding divisions that the verdict was authorized by the evidence, we hold that any error in denying appellant's motion for summary judgment was harmless and not grounds for reversal.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

ARGUED JANUARY 16, 1978 — DECIDED FEBRUARY 21, 1978 — REHEARING DENIED MARCH 14, 1978 — CERT. APPLIED FOR.

*Arthur K. Bolton, Attorney General, John C. Jones, Staff Assistant Attorney General,* for appellant.
*Cathey & Strain, Dennis T. Cathey,* for appellee.