24015. CONSTITUTION PUBLISHING COMPANY *v.* ANDREWS.

DECIDED NOVEMBER 12, 1934.

*Heyman, Bolding & Heyman,* for plaintiff in error.
*William G. McRae, A. E. Wilson,* contra.

GUERRY, J. Mrs. J. E. Andrews sued the Constitution Publishing Company, alleging the publication of a libel against her. The case is before this court on exceptions to the order overruling the general demurrer to the petition. The petition alleged: that during the month of November, 1929, the Fulton county grand jury instituted a diligent investigation into the municipal affairs of the City of Atlanta, the investigation culminating in the indictment of numerous officials of the City of Atlanta alleged to be guilty of bribery; that on March 1, 1930, numerous true bills were returned against various city officials; that the defendant, through its daily paper, the Atlanta Constitution, devoted much space to a report of the proceedings of the investigations, and that on March 2, 1930, on its front page were exhibited photographs of such city officials as had been indicted. By amendment a photostat copy of said page was attached to the petition, together with pictures of the plaintiff and one other woman. At the top of these pictures, in large type and in what are commonly known as headlines, was the following: "City officials indicted by the grand jury Saturday. Under each individual picture was the name of the person indicted and the position occupied. Under the plaintiff's picture was, "Mrs. J. E. Andrews, Civic Worker." Under the photographs as a whole was the following: "Photographs of City Officials and others indicted in the investigation by the Fulton

County Grand Jury of alleged graft and corruption in the Atlanta City Administration." Then followed a descriptive article in which was given a list of the indictments, and the charge lodged against each person so indicted, concluding with the following: "Mrs. J. E. Andrews and Mrs. J. R. Wakefield indicted jointly for misdemeanor in connection with alleged libelous publication concerning John A. Boykin, Solicitor General." Further in the article the following occurred: "The two women, the former a social worker and the latter editor of the Woman's World, a weekly newspaper, were indicted following investigation by the grand jury of an article which appeared under Mrs. Andrews's name in the paper edited by Mrs. Wakefield recently. The article attacked Solicitor-General Boykin and demanded that he be removed from office during the graft investigation, and that the grand jury later conduct an investigation of Mr. Boykin's conduct in the solicitor-general's office." Plaintiff admits that she was indicted by the special grand jury investigating the affairs of the municipal government of the City of Atlanta for libel, but contends that the placing of her picture over the explanatory remarks above quoted tended to and did publish to the world that she had been indicted as one connected with the administration of the affairs of the City of Atlanta for a crime involving moral turpitude. We are unable to agree with the ruling of the trial court.

"A publication claimed to be defamatory must be read and construed in the sense in which the readers to whom it is addressed would ordinarily understand it. So the whole item, including display lines, should be read and construed together, and its meaning and signification thus determined. When thus read, if its meaning is so unambiguous as to reasonably bear but one interpretation, it is for the judge to say whether that signification is defamatory or not. If, upon the other hand, it is capable of two meanings, one of which would be libelous and actionable and the other not, it is for the jury to say, under all the circumstances surrounding its publication, including extraneous facts admissible in evidence, which of the two meanings would be attributed to it by those to whom it is addressed or by whom it may be read." Commercial Publishing Co. v. Smith, 149 Fed. 704. See also Horton v. Georgian Co., 175 Ga. 262 (165 S. E. 443) ; Washington Post Co. v. Chaloner, 250 U. S. 290 (39 Sup. Ct. 448, 63 L. ed. 987). As is said in 36 C. J.

118

1157: "The language alleged to be defamatory must be construed as a whole, that is, the words must be construed in connection with other parts of the conversation or published matter, written or printed. Thus in determining whether a publication is libelous the headlines of the article can not be disregarded, nor the character of display of the headlines." Citing numerous authorities. The entire article or publication is to be considered and the language used must be interpreted even by the jury in the light of its ordinary significance, unless the circumstances show that by innuendo it has another meaning which was intended by the publisher. See *Constitution Publishing Co.* v. *Leathers*, 48 *Ga. App.* 429. The gist of the article seems to be an account of the action of a special grand jury which was investigating into the municipal affairs of the City of Atlanta, in returning a number of indictments. While it is true that if the article tends in any way, by any reasonable construction, to be a malicious defamation of the plaintiff, tending to injure her reputation and expose her to public hatred, contempt, or ridicule, such as suggesting that she was indicted for a crime involving moral turpitude, when, as a matter of fact, she was not, the article should be considered as libelous (Civil Code of 1910, § 4431), yet if the article be only a fair report of the action of the grand jury, it can not be considered as such. Civil Code, § 4432.

Upon a reading of the article in question there is no suggestion by innuendo or otherwise when all the publication attached to the petition is considered that goes to show that the plaintiff in this case was a city official who was indicted for fraud and corruption. The pictures show the designation and office of each of those indicted. The plaintiff in this case is shown by the article and picture to be a civic worker. The article explanatory thereof and in *immediate context* therewith shows that the plaintiff was indicted in connection with an alleged libelous publication with reference to Solicitor-General John A. Boykin, which article demanded that he be removed from office during the *graft investigation*. All of these statements are admittedly true, and no inference can be drawn from the article as a whole which makes it and the pictures in connection therewith libelous. The article further explains, in immediate connection with that part complained of, in what way and in what connection the plaintiff was indicted, and this the petition admits to be true. Under the allegations of the petition and the

admissions contained therein there can be no question to submit to a jury as to the effect to be created upon the public by a reading of the article, for its effect is plain and unambiguous. The court therefore erred in overruling the general demurrer to the petition.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*