36492. WILLS *v.* UPSHAW.

DECIDED FEBRUARY 28, 1957.

*Barrett & Hayes,* for plaintiff in error.
*John A. Darsey,* contra.

NICHOLS, J. Q. A. Wills brought an action against J. T. Upshaw for libel. A general demurrer was sustained, and the plaintiff excepts.

The petition had attached thereto two exhibits. Exhibit A, which is an excerpt from an issue of the North Fulton Herald, is headed: "Town of Alpharetta, Georgia.

"Comment. We present below a condensed comparison of the financial condition of the Town of Alpharetta, Georgia as of January 31, 1955, and January 31, 1956, together with a statement of application and source of funds and an analysis of changes in surplus during this period:"

There followed a statement showing the assets and liabilities for the periods ending January 31, 1955, and January 31, 1956, as well as other information with reference to the Town of Alpharetta for these fiscal years. Such exhibit does not show on whose behalf this exhibit was published. Exhibit B is an excerpt from the next edition of the same newspaper and purports to be a letter written by the defendant and in which he makes certain remarks about exhibit A. The petition alleges that the plaintiff is the present mayor of Alpharetta and that the defendant is the ex-mayor of Alpharetta, the plaintiff having defeated the defendant for this office.

It is unnecessary to decide whether the exhibit B attached to the petition is libelous inasmuch as exhibit B only makes reference to exhibit A and exhibit A does not show that it was published at the instance of the plaintiff, nor does it appear from the petition or the exhibits that the average reader would, if exhibit B is libelous, believe that the references therein referred to the plaintiff. Although the general rule is that it is for a jury to determine whether or not the alleged libelous publication was in fact libelous and whether or not it concerned the plaintiff, where there is no connection between the alleged libelous publication and the plaintiff, either directly or by way of colloquium it is not error for the trial judge to decide the case as a matter of law on demurrer. See *Davis* v. *Macon Telegraph Publishing Co.*, 93 *Ga. App.* 633, 634 (92 S. E. 2d 619).

The petition in the present case, although alleging as a conclusion that the plaintiff has been held up to ridicule, scorn and

disgrace as a result of exhibit B, does not show facts sufficient to show that the said exhibit B referred to the plaintiff inasmuch as exhibit A, which exhibit B refers to, does not show that it was published at the instance of the plaintiff or the general council of Alpharetta or that it was a part of the official audit of the Town of Alpharetta, but on the contrary it could just as easily have been published by the newspaper as a public service. The petition fails to set forth a cause of action for libel, and the trial court did not err in sustaining the general demurrer and dismissing the action.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*