James F. LOWRY and Claudia A. Lowry

v.

CREDIT BUREAU, INC. OF GEORGIA
d/b/a Credit Bureau of Atlanta.

Civ. A. No. C76–1768A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Jan. 23, 1978.

Robert P. Wildau, Ellenberg, Wildau & Stagg, Atlanta, Ga., for plaintiffs.

G. Lee Garrett Jr., Hansell, Post, Brandon & Dorsey, Atlanta, Ga., for defendant.

HAROLD L. MURPHY, District Judge.

### ORDER

This is an action for damages predicated upon defendant's alleged violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. Plaintiffs contend defendant violated 15 U.S.C. § 1681e(b) in failing to follow reasonable procedures so as to insure maximum possible accuracy of information about the plaintiffs. Plaintiffs contend defendant violated 15 U.S.C. § 1681i in failing to undertake the reinvestigation required after the accuracy of a file is disputed. Plaintiffs contend defendant libelled them in reporting to Decatur Federal Savings

and Loan Association that James F. Lowry had once been adjudicated bankrupt.

 In reviewing the facts on a summary judgment motion, those facts are to be viewed in a manner most favorable to the party opposing the motion. *United States v. Hangar One, Inc.,* 563 F.2d 1155 (5th Cir. 1977). The facts of this case are that on August 1, 1976, plaintiffs formalized an application with Decatur Federal Savings and Loan Association ("Decatur Federal") for permanent financing of a home plaintiffs had recently constructed. On the loan application, Mr. Lowry listed his name as "James F. Lowry" and his former address as Solana Beach, California.

The loan application was sent to the South Regional Loan Office of Decatur Federal. At this office, Decatur Federal maintains a computer terminal which provides direct access to information stored in the computers of the defendant Credit Bureau on various consumers. This terminal affords Decatur Federal the opportunity to obtain credit information directly and without intervention by Credit Bureau personnel.

In seeking a consumer's credit history, the party desiring the information supplies the computer with as much relevant data as possible about the party as to whom they are inquiring. The computer will then provide the names of parties for whom it has credit histories and with whom there is a programmed minimum of correspondence between the identifying information of the party for whom information is sought and the parties for whom the computer has stored credit information. The computer will not provide the names of any party for whom it has credit information unless there are at least fifty "points" of correspondence between the subject of the inquiry's data and the relevant credit records. The operator chooses the credit histories he or she wishes to review from the computer proffered list of names and the number of "points" of correspondence.

The inquiry by the Decatur Federal operator resulted in the offering of a "James Frank Lowry" of San Francisco, California whose file showed 50 "points" of correspondence. The operator made the independent decision to have the computer supply its information on "James Frank Lowry" despite the fact that only the minimum of correspondence had been indicated. The computer disclosed that "James Frank Lowry" of San Francisco, California had been adjudicated bankrupt in 1967.

The facts that the applicant for the insurance, and the plaintiff in this litigation, was named James Francis, and not James Frank Lowry and had listed his prior address as Solano Beach, not San Francisco, California were not enough to dispel the notion that James Francis Lowry was a bankrupt not worthy of credit. Plaintiffs were informed that a problem existed with regard to the issuance of credit to them. Plaintiffs were informed a resolution of the difficulty must come from the Credit Bureau.

On August 19, 1976, Mr. Lowry visited defendant's office in Atlanta, Georgia. During the course of an inquiry which carried through the following day, Mr. Lowry was told by an employee of defendant Credit Bureau that there was indeed a bankruptcy on his record. On Monday, August 23, 1976, an inquiry was begun with the processing of a "request for investigation". The focus of the investigation was plaintiff's contention that he had never filed for bankruptcy nor had he lived at the address indicated for him in San Francisco.

During Credit Bureau's investigation, new reports were sought on "James F. Lowry" from the Credit Bureau's computer banks by Decatur Federal. The reports included the previously noted disclosure of a bankruptcy by a James Frank Lowry. On September 10, 1976, Decatur Federal issued a "decline letter" indicating a denial of plaintiff's loan application.

On September 13, 1976, Mr. Lowry notified Credit Bureau of the denial of his loan application and demanded a correction of his credit report. On October 8, 1976, defendant Credit Bureau notified Decatur Federal that a correction was being made in Mr. Lowry's report. The letter of October

8th suggested Decatur Federal might wish to reconsider Mr. Lowry's application on the basis of the correction. The corrected report included no allegations of bankruptcy.

Plaintiffs were not notified of the correction of the record nor were they informed of the outcome of the investigation they had requested. On December 9, 1976 plaintiffs' attorney was notified that plaintiffs would probably receive their loan if they were to reapply. Plaintiffs were offered a loan commitment on December 13, 1976 with slightly higher closing costs than those apparent on the loan application. The loan was closed on February 7, 1977.

■■■ 1. Plaintiffs contend they have been the victim of a violation of defendant Credit Bureau's duty to insure the maximum possible accuracy of information. The Fair Credit Reporting Act provides in relevant part:

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. 15 U.S.C. § 1681e(b).

This section imposes an obligation to insure maximum accuracy only in the preparation of a report. The crux of plaintiffs' complaint is the potential for confusion of reports inherent in defendant's computer system. Plaintiffs note the potential for confusion was realized in their case and resulted in at least the delay in the grant of a loan.

Plaintiffs' concern is not accuracy in the preparation of credit reports; plaintiffs' concern is the confusion of those reports. Confusion of reports did result, but that does not provide a basis for a federal claim. This district has previously recognized that "in order to pursue a cause of action predicated upon willful or negligent violation of 15 U.S.C. § 1681e(b), the report sought to be attacked must be inaccurate". *Middlebrooks v. Retail Credit Co.,* 416 F.Supp. 1013, 1015 (N.D.Ga.1976); *Peller v. Retail Credit Co.,* No. 17900 (N.D.Ga. December 6, 1973).

The only inaccuracy in the questioned credit reports arises from the presence of plaintiff James Francis Lowry's social security number in the James Frank Lowry file. As noted by both sides, the plaintiff's social security number appeared with the bankrupt James Frank Lowry's file because the computer was programmed to add the information when Decatur Federal's operator accepted the file of James Frank Lowry the first time. The automatic addition of this information may constitute a violation of the 15 U.S.C. § 1681e(b) obligation to provide the maximum possible accuracy in the preparation of a credit report. Preparation may be viewed as a continuing process and the obligation to insure accuracy arises with every addition of information. Plaintiffs may have difficulty demonstrating the existence of damages sustained as a result of this breach [as required under 15 U.S.C. § 1681o(1)] but at this stage it cannot be said such proof would be impossible.

■■■ 2. Plaintiffs contend there has been a breach of defendant Credit Bureau's duty to investigate the accuracy of information "in his file". 15 U.S.C. § 1681i(a). Preliminarily, it must be noted that the circumstances of this case indicate the necessity of reading the language "in his file" to include more than just the computer report which a two month investigation discloses to be the only report relevant to the subject of the inquiry. As encountered in this instance, if a party has credit difficulties because of confusion of two similar computer reports, the subject's "file" must be viewed as the totality of the conflicting information which is causing the credit uncertainty. Under this view, and the language of 15 U.S.C. § 1681i(a), a consumer reporting agency is obligated to reinvestigate the accuracy of information as it relates to the subject of the inquiry. The agency's obligations are not terminated by the fact that the information is accurate about someone else if that information is presented in a manner such as to create inaccurate impressions as to the credit history of a particular individual. To permit the activity encountered here to go uncovered would be contrary to the broadly remedial aims disclosed in 15 U.S.C. § 1681.

The Fair Credit Reporting Act creates an obligation to investigate "within a reasonable period". There is no doubt an investigation was undertaken and changes were made. The only issue here is whether 49 days constitutes a "reasonable period" to determine if one party is the bankrupt referred to in a particular credit report. This element of the complaint is not proper for disposition on summary judgment.

■■■■ 3. Plaintiffs allege they were defamed by the order to attribution of a bankruptcy to them. Defendant responds to this contention by noting that the notation of a bankruptcy was clearly attributed to a James F. Lowry who is not the plaintiff.

The review of libel allegations must begin with a widely cited rule of Georgia law: "[t]he defamatory words must refer to some ascertained or ascertainable person, and that person must be the plaintiff." *Ledger-Enquirer Company v. Brown,* 214 Ga. 422, 423, 105 S.E.2d 229, 230 (1958); *Constitution Publishing Co. v. Leathers,* 48 Ga.App. 429, 431, 172 S.E. 923 (1934). The unquestioned fact is that the defendant's attribution of bankruptcy concerned a James F. Lowry who is not the plaintiff in this case. Defendant Credit Bureau has simply reported the truth of a bankruptcy by an individual with a name similar to that of the plaintiff, and that fact alone is not enough to support the specter of libel.

Georgia courts have noted that language susceptible to but one, non-defamatory meaning is for the court's interpretation. *Ledger-Enquirer,* supra, 214 Ga. at 424, 105 S.E.2d 229; *Constitution Publishing Co. v. Andrews,* 50 Ga.App. 116, 117, 177 S.E. 258 (1934). Georgia courts have previously held that a libel does not arise as to a third person when true information is stated as to another party. *Minday v. Constitution Publishing Co.,* 52 Ga.App. 51, 182 S.E. 53 (1935); *Atlanta Journal Co. v. Farmer,* 48 Ga.App. 273, 172 S.E. 647 (1934). Plaintiff has not demonstrated the requisite elements under Georgia law.

Jurisdiction is invoked on this count as pendant to federal claims. The tenuous nature of the federal claims would warrant a denial of the court's discretion to permit the defamation action even if the requisite elements were present.

■■■ 4. Pending before the court is defendant's motion for award of expenses. The motion concerns expenses incurred in securing a disclosure of information. The disclosure was made after a motion to compel but was not the result of a court order.

Rule 37(a)(4), Federal Rules of Civil Procedure, permits the award of expenses to a party "[i]f the motion is granted". The motion was not granted in this case. Therefore the Federal Rules do not authorize such an award in this case. See, *Johnson v. Martin,* 137 Ga.App. 312, 223 S.E.2d 465 (1976). Additionally, there was some justification for plaintiffs' hesitance to disclose the requested information.

5. Accordingly, the motion for summary judgment is DENIED as to claims premised upon 15 U.S.C. § 1681e(b) and 1681i(a). The motion for summary judgment is GRANTED as to the state law claims of defamation. The motion for award of expenses is DENIED.