## 56758. FERGUSON v. PARK NEWSPAPERS OF GEORGIA, INC. et al.

BELL, Chief Judge.

This is a newspaper libel suit. Plaintiff, a Sunday newspaper editor, alleged that he was libeled by an article that defendants wrote and published on the newspaper opinion page entitled "An Apology is in Order." This article was attached to plaintiff's complaint. In this column labeled "Turkey Tracks," defendant managing editor wrote, ". . .We who put your newspaper together can be turkeys, too. . ." Defendant-writer stated that an editor in Sunday's paper (plaintiff), faced with the problem of singularly uncooperative police officers, found the First Amendment to the U. S. Constitution being violated and placed that opinion in the front page story. Defendant commented, "That was a piece of gratuitous editorializing for which I must apologize." The pertinent portion of the column concluded with an assurance that if defendants think the First Amendment is being abused, they will

state so on the opinion page of the newspaper. Defendants answered, and moved for judgment on the pleadings and to dismiss for failure to state a claim on which relief can be granted. Solely based on the pleadings and attached publication, the trial court granted defendants' motion for summary judgment. Plaintiff appeals. *Held:*

In a defamation action, where defendant claims the objected to publication is, as a matter of law, not defamatory, the trial judge, reading and construing the publication as a whole, may find that it is not defamatory, that it is defamatory, or that it is ambiguous and the question is one for a jury. See *Constitution Pub. Co. v. Andrews,* 50 Ga. App. 116 (177 SE 258). In this case, the trial court had to find that the publication was not defamatory as a matter of law, since it granted summary judgment to defendants. This was error as this publication is susceptible to a defamatory interpretation when read as the ordinary person would read it. We cannot say as a matter of law that the phrase "We who put your newspaper together can be turkeys, too" is not defamatory by innuendo as plaintiff, as Sunday editor, apparently helped to put the newspaper together and the term "turkey" can connote ineptitude, dumbness, or ignorance. Thus the trial court erred in granting summary judgment to defendant.

Furthermore, as the record has not been developed, we cannot hold that defendants' comments were privileged under Code Ann. § 105-709 (3) since there remains a jury issue concerning good faith. Code Ann. § 105-710. Nor can we determine from the undeveloped record whether plaintiff is to be considered a public figure. See *Williams v. Trust Co. of Ga.,* 140 Ga. App. 49 (230 SE2d 45).

*Judgment reversed. Shulman and Birdsong, JJ., concur.*

Submitted October 12, 1978 — Decided January 18, 1979 — Rehearing denied February 1, 1979 —

*Joel A. Willis, Jr.,* for appellant.
*Cowart, Varner & Harrington, Pamela M. Richards,*

*Roy N. Cowart,* for appellees.