## 58612. MORTON v. STEWART et al.

QUILLIAN, Presiding Judge.

This is an appeal by Dr. William J. Morton from the grant of summary judgment in favor of four of eight defendants in an action alleging libel, conspiracy to commit libel, or in the alternative — malicious use of privilege. The four defendants who were granted summary judgment were James D. Stewart and Paul J.

Lieberman — reporters for the other two defendants — Atlanta Newspapers, Inc. and Cox Enterprises, Inc.

Dr. Morton, a physician and member of the Georgia Composite State Board of Medical Examiners (Board), based his complaint upon a letter to the Board signed by defendants — Drs. Gardner and Palen, and a letter to the Board from defendant McCullough — a former employee of Dr. Morton, and an article in the Atlanta Constitution written by Stewart and Lieberman, and an editorial in a later edition of the Constitution. The writers of the letters to the Board — although defendants, are not involved in this appeal.

Reporters Stewart and Lieberman had written a series of articles in the Constitution on actions of various doctors and other medical problems in the state. During their investigation they talked to Drs. Gardner and Palen and a subsequent article was written for the Constitution which included medical practices attributed to Dr. Morton. Later, an editorial appeared in the Constitution on physicians "Healing Themselves" because "questionable ethics, and . . . unquestionable fraud . . . are too pervasive in the [medical] profession." The editorial included references to the Composite Board of Medical Examiners and the fact that two of its members, Drs. Morton and Jenkins, had been targets of investigations by the Board.

The reporters and the newspaper moved for and were granted summary judgment. Dr. Morton brings this appeal. *Held:*

1. Except as provided by statute, a newspaper is not privileged in publications made therein, but is liable on account thereof in the same manner as other persons, and defamatory matter does not become privileged simply for the reason it is published as news. *Atlanta News Pub. Co. v. Medlock*, 123 Ga. 714, 721 (51 SE 756). Any false and malicious defamation of one in a newspaper tending to injure his reputation and exposing him to public hatred, contempt, or ridicule constitutes newspaper libel. Code Ann. § 105-703 (Code § 105-703). However, some publications are privileged — either absolutely or conditionally, depending upon the occasion. See 19 EGL 393, Libel and Slander, § 19.

A fair and honest report of proceedings of legislative and judicial bodies is conditionally privileged. Code Ann. § 105-704 (Code § 105-704); *Atlanta Journal Co. v. Doyal,* 82 Ga. App. 321 (2) (60 SE2d 802). Thus, if the function of the Board constitutes proceedings of a judicial body, news reports of its activities are conditionally privileged. Id.

Further, the United States Supreme Court has superimposed its will on the states by holding that "constitutional guarantees require . . . a federal rule that prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with 'actual malice . . .' " Gertz v. Robert Welch, Inc., 418 U. S. 323, 334 (94 SC 2997, 41 LE2d 789). Accordingly, if the Board's function comes within the ambit of Code Ann. § 105-704, as Dr. Morton is a member and executive secretary of the Board he is a "public official" and would have two obstacles to overcome. The first threshold a public official must cross in a libel action is that only "actual malice" will suffice to establish defamation based on news articles of his activities. New York Times v. Sullivan, 376 U. S. 254, 279 (84 SC 710, 11 LE2d 686). The second obstruction in the instant case could be the conditional privilege that attaches to news reports of proceedings of judicial bodies. In the case sub judice there is no critical distinction between the two as reports of proceedings of judicial bodies are conditionally privileged *(Fedderwitz v. Lamb,* 195 Ga. 691, 692 (25 SE2d 414)), but such privilege disappears in the face of "actual malice." *Atlanta News Pub. Co. v. Medlock,* 123 Ga. 714, 721, supra; *Retail Credit Co. v. Russell,* 234 Ga. 765, 769 (218 SE2d 54). Thus, "actual malice" is the sine qua non for Dr. Morton to prevail on either theory.

(a) In summary judgment proceedings a movant defendant must effectively pierce any state of facts contained in the plaintiff's complaint, or those that may be proven in connection therewith, so as to preclude as a matter of law the plaintiff's right to prevail under any theory alleged. *Ringer v. Lockhart,* 240 Ga. 82, 83 (239 SE2d 349). Accordingly, in the instant case defendants must prove the absence of actual malice to sustain their motion for summary judgment. *Prairieland Broadcasters*

*of Ga. v. Thompson,* 135 Ga. App. 73 (1) (217 SE2d 296).

(b) First, we must determine whether the proceedings of the board fall within the parameters of Code Ann. § 105-704 — reports of proceedings of legislative and judicial bodies. We find that they do. The Georgia legislature established the Composite State Board of Medical Examiners (Code Ann. § 84-902) (Ga. L. 1913, p. 101, as amended), and authorized it to investigate, license or refuse to license, inquire into grounds for disciplinary action, issue subpoenas, hold hearings, and take disciplinary action — including revocation of license of physicians when warranted. See Code Ann. § 84-916 (Ga. L. 1913, pp. 101, 107, as amended).

Our Supreme Court, in *Southeastern Greyhound Lines v. Ga. Public Service Commission,* 181 Ga. 75, 82 (181 SE 834), set forth " '[t]he real test as to the legislative or judicial character of [a] proceeding . . . depends upon the subject of the inquiry . . . It is . . . judicial to punish for infraction of, or to enforce, an existing rule.' " The court noted therein that "[i]t is generally held that in the exercise of public functions subordinate boards or tribunals, though not created as courts, may at times exercise powers which are judicial . . . 'It is clear, however, that it is the nature of the act to be performed rather than the office, board, or body which performs it, that determines whether or not it is the discharge of a judicial or a quasi-judicial function.' " Id. at 78.

Furthermore, it is usually conceded that there is a general rule that a qualified privilege attaches to proceedings of, and fair, impartial, and accurate news accounts of, administrative agencies of the government. Restatement of the Law, Second, Torts 2d, § 611, p. 297; 50 AmJur2d 772, 782, Libel & Slander, §§ 254, 263; 53 CJS 201, Libel & Slander, § 123; 45 ALR2d 1296, 1298 § 1 (b); Newell, Slander and Libel (4th Ed.), §§ 477, 479. Administrative proceedings by governmental agencies to discipline, remove from office, or revoke a license, are quasi-judicial in nature and are entitled, as a minimum, to a qualified privilege. See 45 ALR2d 1296, 1305, § 5 and cits. Our appellate courts have applied conditionally privileged status to proceedings of a County Commission on Roads and Revenues. *Pearce v. Brower,* 72 Ga. 243 (b);

*McCracken v. Gainesville Tribune,* 146 Ga. App. 274, 276 (246 SE2d 360). Also, the United States Supreme Court has applied conditionally privileged status to a newspaper report of the proceedings of the Virginia Judicial Inquiry and Review Commission, which performed a similar function for that state involving judicial acts, as the board in the instant case performs for this state involving doctors. Landmark Communications, Inc. v. Virginia, 435 U. S. 829, 839 (98 SC 1535, 56 LE2d 1). Accordingly, we find the board's jurisdiction and functions met the necessary criteria for it to be a "quasi-judicial" body (see 50 CJS 562) and news reports of proceedings of the board, if otherwise fair and honest, are entitled to the conditional privilege accorded by Code Ann. § 105-704.

2. Next we turn to the issue of whether the court erred in sustaining defendant's motion for summary judgment. We will address the issue of alleged defamation in the news article separate from the newspaper editorial.

(a) Editors have the right to express in editorial columns of a newspaper their opinions as to matters of public interest and concern. *Grayson v. Savannah News-Press,* 110 Ga. App. 561, 568 (139 SE2d 347). Plaintiff is a public official, and "acts and conduct of public officials are subject to just criticism and comment by the press . . ." *Barwick v. Wind,* 203 Ga. 827, 831 (48 SE2d 523). The United States Supreme Court has held that "debate on public issues should be uninhibited, robust, and wide-open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials." New York Times v. Sullivan, 376 U. S. 254, 270, supra.

In Time, Inc. v. Pape, 401 U. S. 279 (a) (91 SC 633, 28 LE2d 45), the Supreme Court held that omission of the word "alleged" from the news summary of the complaint against the defendant amounted to adoption of one of several interpretations "of a document bristling with ambiguities, and while that choice might reflect a misconception, it was not enough to create a jury issue of 'malice' under the rule of *New York Times* [v. Sullivan] . . ." We also find that while the defendants used strong and derogatory language concerning the medical profession, no aspersions or innuendo were directed toward the

plaintiff — sufficient to create a jury issue of malice. See *Shiver v. Valdosta Press,* 82 Ga. App. 406 (1) (61 SE2d 221).

(b) As the newspaper article was a report of a quasi-judicial proceeding of a public body it need only be fair and accurate to qualify for the conditional privilege of Code Ann. § 105-704. Dr. Morton, in his deposition, admitted the accuracy of the newspaper summation reporting the gist of the letters submitted to the board concerning his activities. " 'What is usually required is that the publication shall be substantially accurate; and if the article is published by the newspaper in good faith and the same is substantially accurate, the newspaper has a complete defense.' *Shiver v. Valdosta Press,* 82 Ga. App. 406, 411-412 (61 SE2d 221) (1950)." *Jones v. Neighbor Newspapers, Inc.,* 142 Ga. App. 365, 369 (236 SE2d 23). "As long as the facts are not misstated, distorted or arranged so as to convey a false and defamatory meaning, there is no liability for a somewhat less than complete report of the truth . . ." *Mathews v. Atlanta Newspapers,* 116 Ga. App. 337, 340 (157 SE2d 300); *Jones v. Neighbor Newspapers, Inc.,* 142 Ga. App. 365, supra. The Supreme Court has stated it in stronger terms: "If neither factual error nor defamatory content suffices to remove the constitutional shield from criticism of official conduct, the combination of the two elements is no less adequate." New York Times v. Sullivan, 376 U. S. 254, 273, supra.

The reporters and the newspaper editor, in their depositions, denied the existence of malice toward plaintiff. The news article itself reported that Dr. Morton voluntarily suspended himself, that he denied the charges, expected to remain a member of the board, cooperated fully with the state's investigators, and set forth that two former investigations into Dr. Morton's conduct had been found to be unfounded, and gave Dr. Morton's explanation of why the current charges were made against him. The news article explained that Ms. McCullough, one of the writers of a letter to the board, quit Dr. Morton's employment after a salary dispute and the state sided with Dr. Morton in refusing to pay her unemployment compensation. The news article stated that Dr. Morton was "considered by many to be one of the most active and knowledgeable members of the 12-doctor

board," and that allegations that he was the instigator of board investigations into activities of other doctors in his home town could not be verified by the investigators.

From our review of the news article, after Dr. Morton admitted the report correctly summarized the facts, we find the article to be fair. We also find nothing libelous per se or by innuendo in the article. *Bennett v. Wilkes Pub. Co.,* 147 Ga. App. 508 (249 SE2d 321).

"In a defamation action, where defendant [publisher] claims the [objectionable] publication is, as a matter of law, not defamatory, the trial judge, reading and construing the publication as a whole, may find that it is not defamatory, that it is defamatory, or that it is ambiguous and the question is one for a jury." *Ferguson v. Park Newspapers of Ga.,* 148 Ga. App. 848, 849 (253 SE2d 213); Accord, *Constitution Publishing Co. v. Andrews,* 50 Ga. App. 116, 117 (177 SE 258); *Southland Pub. Co. v. Sewell,* 111 Ga. App. 803, 808 (143 SE2d 428); *Ledger-Enquirer Co. v. Brown,* 214 Ga. 422, 424 (105 SE2d 229). "And 'actual malice' under the New York Times [v. Sullivan], case, supra, 376 U. S. 254, was made 'a constitutional issue to be decided initially by the trial judge vis-a-vis motions for summary judgment and directed verdict . . . "applying the *Times* test of actual knowledge or reckless disregard of the truth. Cf. Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964). Unless the court finds, on the basis of pre-trial affidavits, depositions or other documentary evidence, that the plaintiff can prove actual malice in the *Times* sense, it should grant summary judgment for the defendant . . ." ' " *Williams v. Trust Co. of Ga.,* 140 Ga. App. 49, 58 (230 SE2d 45).

The defendant newspaper carried its burden of piercing plaintiff's pleading by showing a statutory right to publish the proceedings of a quasi-judicial proceeding of a board, with the attendant conditional privilege. Under such privilege they showed the report was fair and accurate, and the absence of actual malice on the part of the reporters and the publisher. "[W]hen a motion for summary judgment is made and supported . . . an adverse party may not rest upon the mere allegations or denials of his pleading, but his response . . . must set forth specific

facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Code Ann. § 81A-156 (e) (Ga. L. 1966, pp. 609, 660, as amended through 1975, pp. 757, 759). "Ultimate or conclusory facts and conclusions of law, . . . cannot be utilized on a summary judgment motion. Similarly, the mere reargument of a party's case or the denial of an opponent's allegations will be disregarded." 10 Wright & Miller, Federal Practice and Procedure: Civil § 2738, pp. 695-697; Accord, *Dickson v. Dickson,* 238 Ga. 672, 674 (235 SE2d 479). Conclusory allegations by the plaintiff of conspiracy, malice, and defamation, are insufficient — in the absence of substantiating fact or circumstances, to raise a material issue for trial. "[I]t is the duty of each party at the hearing on the motion for summary judgment to present his case in full." *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601, 604 (203 SE2d 173). "There having been clearly shown a want of actual malice, the pleadings of [plaintiff] were pierced and the lack of a right of recovery was disclosed. [Plaintiff] filed no . . . evidence showing malice and in the absence thereof summary judgment was justified. *Richards v. Tolbert,* 232 Ga. 678, 679 (208 SE2d 486) (1974); *Brown v. J. C. Penney Co.,* 123 Ga. App. 233, 235 (180 SE2d 364) (1971); Time, Inc. v. McLaney, supra, 406 F2d at 573 [CA 5, 1969, 406 F2d 565]; Cervantes v. Time, Inc., supra, 464 F2d at 994 [CA 8, 1972, 464 F2d 986]." *Williams v. Trust Co. of Ga.,* 140 Ga. App. 49, 63, supra.

3. It follows, there being no malice and no libel, there could be no conspiracy to libel nor malicious use of privilege.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

ARGUED NOVEMBER 19, 1979 — DECIDED JANUARY 31, 1980 — REHEARING DENIED FEBRUARY 28, 1980 —

*Robert N. Meals, A. Lee Parks, Jr., Sol Altman, Edwin A. Carlisle,* for appellant.

*Albert G. Norman, Jr., John E. Zamer, Bruce W. Kirbo,* for appellees.