**Billie Jean GRAYS, Plaintiff,**

v.

**TRANS UNION CREDIT INFORMATION CO., Defendant.**

No. 1:89CV0488.

United States District Court, N.D. Ohio, E.D.

July 24, 1990.

Winston Grays, Cleveland, Ohio, for plaintiff.

Richard A. Fromson, Hertz, Kates, Friedman & Kammer, Cleveland, Ohio, for defendant.

MEMORANDUM OF OPINION AND OR-
DER OVERRULING DEFENDANT'S
MOTION TO DISMISS AND ORDER
GRANTING DEFENDANT'S MO-
TION FOR SUMMARY JUDGMENT
AND ORDER OVERRULING PLAIN-
TIFF'S MOTION FOR SUMMARY
JUDGMENT

KRENZLER, District Judge.

This case was initiated by plaintiff, Billie Jean Grays ("Grays"), against defendant, Trans Union Credit Information Co. ("Trans Union"). In her complaint, Grays alleges that Trans Union, a credit reporting agency, failed to comply with the requirements of the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FFRCA"). Specifically, Grays contends that Trans Union failed and refused to provide accurate information regarding her credit report. Grays alleges that she has suffered mental anguish, has been prevented from entering into specific financial transactions, and has had her credit rating adversely affected. Therefore, plaintiff seeks to restrain and enjoin defendant from disseminating certain information contained in her credit report, while also awarding to her compensatory damages of $25,000, punitive damages, and reasonable attorney fees. Defendant filed a motion to dismiss, or in the alternative, a motion for summary judgment together with evidentiary material, and plaintiff responded by also filing a motion for summary judgment. Both plaintiff and defendant have each filed a reply brief. For the following reasons this Court shall grant defendant's motion for summary judgment.

### I.

The undisputed facts are as follows. On or about May 26, 1987, Amron Credit Union, Inc. n.k.a. Cleveland N.E. Ohio Educational Credit Union ("Amron"), filed a lawsuit against plaintiff in the Garfield Heights Municipal Court. A default judgment was entered on the record against Grays, with her to pay $199.41. This court entry was then reported by Trans Union on the public record portion of its credit report of Grays. Following the default judgment, there was a successful bank garnishment and a satisfaction of judgment was entered as a court order. Approximately thirteen months later, Amron filed a Motion to Vacate the Satisfaction and Judgment Entry and dismissal with the court which was granted on February 24, 1989. The order was as follows:

> This cause came before the court on the 24th day of February, 1989, upon plaintiff's Motion to vacate the judgment entry of July 29, 1987 against the defendant and dismiss the case with no record. The court, after having been duly advised in the premises, finds the said Motion is well taken and should be granted.

A copy of this order was furnished to defendant, who then changed the public record information portion on Grays' credit report to say:

> judgment paid, vacated, dismissed with no record.

Plaintiff claims that: 1) defendant could not put this information in its credit report because the Garfield Heights Municipal Court had previously expunged it from the record; 2) defendant was precluded from using this information in its report because the judgment had been vacated and dismissed on a motion by the creditor, meaning no judgment existed for defendant to report; 3) the information contained in the report was partially accurate but incomplete so as to be misleading, on the basis of company procedures that do not reasonably insure maximum possible accuracy. This Court finds that plaintiff states a claim upon which relief can be granted, and thus defendant's motion to dismiss is overruled. Regardless, this Court shall grant defendant's motion for summary judgment because no issues of material fact exist and defendant is entitled to judgment as a matter of law.

### II.

Trans Union is a consumer reporting agency, and is thus subject to the provisions of the FFCRA. The FFCRA was enacted to protect consumers by regulating the policies and procedures of reporting agencies. Section 1681c of 15 U.S.C. enu-

merates the items of information which cannot be reported by a reporting agency. These items are as follows:

(a) Except as authorized under subsection (b) of this section, no consumer reporting agency may make any consumer report containing any of the following items of information:

(1) Cases under title 11 or under the Bankruptcy Act that, from the date of entry of the order for relief or the date of adjudication, as the case may be, antedate the report by more than 10 years.

(2) Suits and judgments which, from date of entry, antedate the report by more than seven years or until the governing statute of limitations has expired, whichever is the longer period.

(3) Paid tax liens which, from date of payment, antedate the report by more than seven years.

(4) Accounts placed for collection or charged to profit and loss which antedate the report by more than seven years.

(5) Records of arrest, indictment, or conviction of crime which, from the date of disposition, release, or parole, antedate the report by more than seven years.

(6) Any other adverse item of information which antedates the report by more than seven years.

(b) The provisions of subsection (a) of this section are not applicable in the case of any consumer credit report to be used in connection with—

(1) a credit transaction involving, or which may reasonably be expected to involve, a principal amount of $50,000 or more;

(2) the underwriting of life insurance involving, or which may reasonably be expected to involve, a face amount of $50,000 or more; or

(3) the employment of any individual at an annual salary which equals, or which may reasonably be expected to equal $20,000, or more.

The information reported by Trans Union is not obsolete, as defined by § 1681c. Defendant was simply reporting public record information about a judgment entry of July 29, 1987, and a vacation of judgment entry and dismissal of February 24, 1989. Clearly, the entry of these events did not antedate the report by more than seven years, and thus does not fall into the category of information which an agency is unable to report. Therefore, Trans Union has fully complied with the requirements of the FFCRA.

III.

Regardless, plaintiff asserts that the Garfield Heights Municipal Court intended there to be no records of the case when it granted the creditor's motion to vacate the judgment entry and dismiss the case with no record. Plaintiff contends that the use of the words "no record" signified the court's desire to expunge the records of the case, and thereby preclude credit reporting agencies from using this information in their credit reports. When a court expunges the record it takes the information off the public record by either physically destroying it or sealing it. Either way the items would be unavailable to credit reporting agencies and the general public.

Even if it was clear that the Municipal Court intended the information to be off the public record, it did not go far enough by merely using the words "no record." The court must go through proper statutory procedures for expunging or sealing the record. By doing this, the information would be unavailable to credit reporting agencies and could not be used in their reports. If the information is, in fact, available to credit reporting agencies by means of being on the public record, the agencies should be able to use it. It would be an unfair burden to require reporting agencies to analyze the language contained within a public document in order to determine whether the said information can be incorporated into a credit report without liability. These agencies must be able to rely on this information.

Since the Municipal Court's order was on the public record, Trans Union had a right to rely on it and put the language of the order into its report of Grays. Thus the obligation is on both the party seeking ex-

pungement and the court to properly remove the information from the public record. If it remains on the record, a credit reporting agency is free to use it in its credit report. Therefore, defendant was not at error for reporting that the judgment against Grays was paid, vacated and dismissed with no record.

### IV.

Plaintiff then alleges that a reporting agency cannot put in its report information about a judgment vacated and dismissed on a motion by a plaintiff/creditor. Specifically, plaintiff asserts that when the court vacated the judgment entry and dismissed the case it returned the case to the status it held prior to that judgment. Because of this, a judgment no longer existed against Grays, and Trans Union would be precluded from reporting about it in its credit report. Contrary to plaintiff's position, there are neither provisions in the FFCRA nor case law which supports this view. Trans Union was merely reporting what was on the public record, and has complied with the provisions listed in § 1681c of 15 U.S.C.

### V.

Regardless of whether Trans Union had a right to print this information, it still had an obligation to report it accurately. Plaintiff argues that the information in Trans Union's report was partially accurate but incomplete so as to be misleading, on the basis of company procedures that do not reasonably insure maximum possible accuracy. Section 1681e(b) of 15 U.S.C. states that:

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

The court, in *Tracy v. Credit Bureau, Inc., of Ga.,* 174 Ga.App. 668, 669, 330 S.E.2d 921, 923 (1985) states that, "... There is no need to inquire into the reasonableness of a credit reporting agency's procedures if it is demonstrated at the outset that the report in question is in fact true." *See also McPhee v. Chilton Corp.,* 468 F.Supp. 494 (D.Conn.1978), *Lowry v. Credit Bureau of Ga.,* 444 F.Supp. 541 (N.D.Ga.1978). The court, in *Tracy,* 174 Ga.App. at 670, 330 S.E.2d at 923, goes on to state that a factually accurate report "... does not become inaccurate and actionable simply because a more detailed explanation of the reported fact might have been but was not included". Plaintiff claims that the report misleads its readers because it does not specify that the creditor requested the court to vacate the judgment entry and dismiss the case. Based on a review of the court order and the credit report, this Court finds that Trans Union's credit report is neither inaccurate nor misleading. Trans Union has accurately reported what was on the public record. Therefore, there is no need for the court to determine whether Trans Union's procedures assured maximum possible accuracy. The report was factually accurate and Trans Union fully complied with the requirements of the FFCRA.

### VI.

This Court grants defendant's motion for summary judgment because no issues of material fact exist and defendant is entitled to a judgment as a matter of law. This Court finds that Trans Union had a right to disseminate in its credit report public record information regarding the judgment against Grays. The information that was reported was neither inaccurate nor misleading. For these reasons, this court grants defendant's motion for summary judgment and overrules plaintiff's motion for summary judgment.

IT IS SO ORDERED