**Laura M. GRENIER, Plaintiff,**

v.

**EQUIFAX CREDIT INFORMATION SERVICES, Defendant.**

**Civ. No. 3:94 CV 00732 (PCD).**

United States District Court,
D. Connecticut.

June 20, 1995.

**58**

Joanne Faulkner, New Haven, CT, for plaintiff.

Brien P. Horan, Robinson & Cole, Hartford, CT, for defendant.

### RULING ON MOTION FOR SUMMARY JUDGMENT

DORSEY, Chief Judge.

Plaintiff alleges violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et. seq.* Plaintiff claims that defendant inaccurately reported her credit history, failed to reinvestigate her complaints, and revealed her credit record without permissible purpose. Defendant moves for summary judgment. Fed.R.Civ.P. 56. For the reasons stated below, defendant's motion is granted in part, denied in part.

### I. BACKGROUND:

Plaintiff disputes the accuracy of her credit report, including charges by First Card Services, Filene's and Society for Savings. On three occasions between December 1993 and February of 1994, plaintiff requested that defendant reinvestigate. Equifax neither verified plaintiff's contentions nor promptly deleted the disputed items. Plaintiff thus claims that defendant failed to comply with statutory reinvestigation procedures.

Plaintiff further alleges defendant disclosed her credit report to American Express without permissible purpose. Plaintiff contends that the disclosure, without her knowledge or consent, violated the FCRA. Defendant claims that the disclosure was authorized under the FCRA because plaintiff had an American Express/Optima card.

### II. DISCUSSION:

Summary judgment will be granted only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The burden is on the moving party to demonstrate that there are no material issues of fact in dispute. *Donahue v. Windsor Locks Bd. of Fire Comm'r*, 834 F.2d 54, 57 (2d Cir.1987). In determining whether there is a genuine issue of fact in the case, the court must "resolve all ambiguities and draw all reasonable inferences against the moving party." *Schwabenbauer v. Bd. of Education*, 667 F.2d 305, 313 (2d Cir.1981).

### A. Disclosing Credit History (§ 1681b claim)

■ A consumer reporting agency may disclose a credit report "[t]o a person which it has reason to believe-intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving

the extension of credit to, *or review or collection of an account of,* the consumer". 15 U.S.C. § 1681b(3)(A) (emphasis added). Plaintiff alleges that defendant's disclosure of her credit record to American Express violated the statute. However, plaintiff had and has an account with American Express/Optima (Statement of Undisputed Material Fact ¶ 50). Thus, Equifax had reason to believe that American Express/Optima requested the information for reasons permissible under § 1681b(3)(A). Equifax therefore acted within the guidelines of § 1681b(3). Accordingly, summary judgment on the § 1681b count is granted.

### B. *Failure to Reinvestigate (§ 1681i claim)*

██ Though plaintiff alleges a claim under 15 U.S.C. § 1681i[1], she attempts to invoke the standard of conduct in 15 U.S.C. § 1681e[2]. Therefore, the first question "is whether § 1681e(b) and § 1681i should be read together to create a claim for failure to maintain reasonable procedures to achieve maximum possible accuracy in relation to reinvestigation and dispute resolution procedures." *Swoager v. Credit Bureau of Greater St. Petersburg, Fla.,* 608 F.Supp. 972, 974 (M.D.Fla.1985). Because "the functions of § 1681e(b) and § 1681i are dissimilar ... it would be incongruous to engraft the maximum accuracy dictates of the former into the context of reinvestigation and grievance procedures governed by the latter." *Id.* at 975. Plaintiff's attempt to bootstrap the requirements of § 1681e onto her § 1681i claim is without merit.

██ The statute does require that credit reporting agencies reinvestigate disputes "within a reasonable period of time." 15 U.S.C. § 1681i. Plaintiff requested reinvestigations on three separate occasions. Defen-

dant investigated each of her first two requests within a two week period. Her third request took defendant over a month to investigate.

"The only issue here is whether [this response time] constitutes a 'reasonable period.'" *Lowry v. Credit Bureau, Inc. of Ga.,* 444 F.Supp. 541, 545 (N.D.Ga.1978). "This element of the complaint is not proper for disposition on summary judgment." *Id.* The determination of "reasonable period" is a question of fact appropriate for a jury, as "a 'reasonable time' for a particular reinvestigation may be shorter or longer depending on the circumstances of the dispute." *Stevenson v. TRW Inc.,* 987 F.2d 288, 292 (5th Cir.1993) (quoting FTC Commentary 16 C.F.R. Pt. 600, App. at 367 (1992)); *see also Lowry,* 444 F.Supp. at 545. Accordingly, summary judgment on the § 1681i claim is denied.

### III. *CONCLUSION:*

For the reasons stated above, defendant's motion for summary judgment (doc. # 38) is GRANTED as to the 15 U.S.C. § 1681b claim and DENIED as to § 1681i claim.

SO ORDERED.

---

1. 15 U.S.C. § 1681i provides that in relevant part: (a) If the completeness or accuracy of any item of information contained in his file is disputed by a consumer, and such a dispute is directly conveyed to the consumer reporting agency by the consumer, the consumer reporting agency shall within a reasonable period of time reinvestigate and record the current status of that information unless it has reasonable grounds to believe that the dispute by the consumer is frivolous or irrelevant.

2. 15 U.S.C. § 1681e pertains to general compliance procedures, not reinvestigation procedures. § 1681e requires that credit reporting agencies "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.